The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Billy Joe LONGORIA, Defendant–Appellee.

The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Gary Dean EKIN, Defendant–Appellee.

Nos. 92SA502, 93SA38.

Supreme Court of Colorado, En Banc.

Nov. 15, 1993.

---

G.F. Sandstrom, Dist. Atty., James S. Whitmire, Asst. Dist. Atty., Pueblo, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Janet Fullmer Youtz, Deputy State Public Defender, Denver, for defendant-appellee in No. 92SA502.

Matthew Martin, Pueblo, for defendant-appellee in No. 93SA38.

Justice VOLLACK delivered the Opinion of the Court.

The People of the State of Colorado (the People) appeal from two district court orders of the Pueblo County District Court in two unrelated cases, *People v. Longoria*, No. 91CR817, Division B, and *People v. Ekin*, No. 91CR233, Division B. In each case, the district court dismissed the count charging sexual assault on a child as a part of a pattern of sexual abuse. The trial court ruled that the statutory language, "pattern of sexual abuse," on which the charge was based, is unconstitutionally vague. In each action, the People appeal the trial court's ruling that found the sentence enhancement statute, section 18–3–405(2)(c), 8B C.R.S. (1986 & 1993 Supp.), unconstitutional and dismissed the charge of sexual assault on a child as a part of a pattern of sexual abuse.

We consolidated the cases for our review and concurrently address both appeals,[1] since the constitutional challenges to section 18–3–405(2)(c) in each are substantially the same. We conclude that the statute as properly construed is consistent with constitutional requirements, and therefore reverse the orders of the trial court in both *Ekin* and *Longoria* and remand for further proceedings.

## I.

### A.

#### *Longoria*

An information was filed in August 1991, charging the defendant, Billy Joe Longoria

---

1. In each case, the People filed a direct appeal pursuant to § 16–12–102(1), 8A C.R.S. (1986), as amended by H.B. 91S2–1008. Act approved Oct. 7, 1991, ch. 5, sec. 1, 1991 Colo.2d Ex.Sess.Laws

15. By orders dated January 8, 1993, and February 17, 1993, respectively, we joined these two cases and stayed the proceedings in the district court.

(Longoria), with two counts of sexual assault on a child. The first count charged the defendant with sexual assault on a child by one in a position of trust in violation of section 18–3–405.3, 8B C.R.S. (1986 & 1993 Supp.), a class 3 felony.[2] The second count charged the defendant with sexual assault on a child as a part of a pattern of sexual abuse in violation of section 18–3–405(2)(c), 8B C.R.S. (1986 & 1993 Supp.), a class 3 felony.[3] On March 12, 1992, Longoria filed a motion to dismiss the second count on the ground that the statute is unconstitutionally vague.

Longoria argues that the statute is vague because it fails to define adequately what constitutes a pattern. Longoria also contends that the statute does not provide guidelines as to what the prosecution is required to prove to show a pattern. The statute is further flawed, Longoria states, because it fails to give adequate notice of the proscribed conduct and fails to provide sufficient guidance to ensure fair prosecution and enforcement of its provisions.

In granting the motion, the district court reasoned as follows:

Because freedom is priceless, a statute which serves to mandate a term of incarceration must be specific in nature. Such is not the case with the statute at issue. There is no guidance as to what the prosecution is required to prove to constitute a pattern and, more importantly, there is no guidance as to what the Defendant must defend against concerning said statute. The vagueness of the statute denies the Defendant an opportunity for a fair trial and as such is unconstitutional.

After this order, but prior to trial on the other charge, the prosecution brought this appeal, pursuant to section 16–12–102(1), 8A C.R.S. (1986 & 1993 Supp.), which requires the prosecution to appeal any decision adjudging any act of the General Assembly unconstitutional in a criminal case.

B.

*Ekin*

An amended information filed in May 1991 charged the defendant, Gary Dean Ekin (Ekin), with two counts of aggravated incest in violation of section 18–6–302, 8B C.R.S. (1986), a class 3 felony, one count of sexual assault on a child by one in a position of trust in violation of section 18–3–405.3, 8B C.R.S. (1986 & 1993 Supp.), a class 3 felony, and one count of sexual assault on a child as a part of a pattern of sexual abuse in violation of section 18–3–405(2)(c), 8B C.R.S. (1986 & 1993 Supp.), a class 3 felony.[4]

2. The pertinent portion of the information reads as follows:

[B]etween the 1st day of January, A.D. 1991, and the 18th day of July, A.D. 1991, inclusive, at the said County of Pueblo in the State of Colorado, BILLY JOE LONGORIA did unlawfully, feloniously and knowingly subject another, namely [F.V.], not his spouse, to sexual contact, and [F.V.] was less than fifteen (15) years of age and BILLY JOE LONGORIA committed the act on [F.V.] while he was in a position of trust with respect to [F.V.]

3. Section 18–3–405, 8B C.R.S. (1986 & 1993 Supp.), sexual assault on a child, is a class 4 felony but, when subsection (2)(c) is charged, it enhances the punishment for sexual assault on a child from a class 4 felony to a class 3 felony.

The pertinent portion of the information reads as follows:

[B]etween the 1st day of January, A.D. 1991, and the 18th day of July, A.D. 1991, inclusive, at the said County of Pueblo in the State of Colorado, BILLY JOE LONGORIA did unlawfully and feloniously and knowingly subject an-

other, namely, [F.V.], not his spouse, to sexual contact, and [F.V.] was less than fifteen (15) years of age and BILLY JOE LONGORIA committed the offense as part of a pattern of sexual abuse.

4. In the first two counts, the defendant was charged with aggravated incest. The third count of the amended information alleged that,

from the 2nd day of August, A.D. 1989 through the 8th day of January, A.D. 1991, at the said County of Pueblo in the State of Colorado, GARY DEAN EKIN did unlawfully, feloniously and knowingly subject another, namely, [J.E.], not his spouse, to sexual contact, and [J.E.] was less than fifteen (15) years of age, and GARY DEAN EKIN committed the act on [J.E.] while he was in a position of trust with respect to [J.E.]

*See* § 18–3–405.3, 8B C.R.S. (1986), as amended.

The fourth count of the amended information alleged that,

from the 2nd day of August, A.D. 1989 through the 8th day of January, A.D. 1991, at the said County of Pueblo in the State of

On February 1, 1993, prior to trial, the trial judge on his own motion, and relying on his ruling in *People v. Longoria* that section 18–3–405(2)(c) is unconstitutional, issued an order dismissing the fourth count of the amended information. In language identical to the district court's order in *Longoria*, the court concluded that the statute is vague.

The People now seek review of the district court's determination in each case.

## II.

The defendants assert that section 18–3–405, 8B C.R.S. (1986), is unconstitutional because subsection (2)(c), which incorporates the definition of "pattern of sexual abuse" from section 18–3–401(2.5), is void for vagueness. Although section 18–3–401(2.5) defines pattern as two or more proven acts of sexual contact by the same actor on the same victim, the defendants argue that the commonly understood meaning of "pattern" and prior United States Supreme Court decisions[5] have both defined "pattern" as requiring more than any two acts, i.e., a relationship beyond mere acts. The defendants' argument is without merit.

The sentence enhancement statute, section 18–3–405(2)(c), under which the defendants were charged, increases the punishment for sexual assault on a child from a class 4 felony to a class 3 felony if the jury also finds that the offense was committed as a part of a pattern of sexual abuse. Section 18–3–405 provides in pertinent part as follows:

> **Sexual Assault on a Child.** (1) Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim.

> (2) Sexual assault on a child is a class 4 felony, but it is a class 3 felony if:
> . . . .
> (c) The actor commits the offense as a part of a pattern of sexual abuse. No specific date or time must be alleged for the pattern of sexual abuse; except that the acts constituting the pattern of sexual abuse must have been committed within ten years of the offense charged in the information or indictment. The offense charged in the information or indictment shall constitute one of the incidents of sexual contact involving a child necessary to form a pattern of sexual abuse as defined in section 18–3–401(2.5).

§ 18–3–405(1), (2)(c), 8B C.R.S. (1986 & 1993 Supp.).

Section 18–3–401(2.5) provides as follows:

> "Pattern of sexual abuse" means the commission of two or more incidents of sexual contact involving a child when such offenses are committed by an actor upon the same victim.

§ 18–3–401(2.5), 8B C.R.S. (1993 Supp.).

## A.

The People first contend that the district court erred in holding that section 18–3–405(2)(c), 8B C.R.S. (1986 & 1993 Supp.)—classifying sexual assault on a child as a part of a "pattern of sexual abuse" as a class 3 felony—is unconstitutionally vague because the term "pattern of sexual abuse" is not clearly defined by the statute. We agree.

 We are guided by several well established principles in addressing a challenge to a statute as unconstitutionally vague in violation of the Due Process Clauses of the United States and Colorado Constitutions. It is well settled that, "[w]hen reviewing a statute upon a challenge of unconstitutionality due to vagueness, the duty of the reviewing court is to

---

Colorado, GARY DEAN EKIN did unlawfully, feloniously and knowingly subject another, namely [J.E.], not his spouse to sexual contact, and [J.E.] was less than fifteen (15) years of age and GARY DEAN EKIN committed the offense as part of a pattern of sexual abuse.

*See* § 18–3–405, 8B C.R.S. (1986), as amended.

**5.** *E.g.*, *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985).

construe the statute so as to uphold its constitutionality whenever a reasonable and practical construction may be applied to the statute." *People v. Buckallew,* 848 P.2d 904, 907 (Colo.1993) (quoting *People v. Beruman,* 638 P.2d 789, 792 (Colo.1982)). A statute enjoys a presumption of constitutionality, and the party challenging it bears the burden of proving unconstitutionality beyond a reasonable doubt. *Id.*

When a statute is challenged as void for vagueness, the essential inquiry is whether the statute describes the forbidden conduct in terms so vague that persons of common intelligence cannot readily understand its meaning and application. *People v. Gross,* 830 P.2d 933, 937 (Colo.1992). Although the statute must define the criminal offense with sufficient definiteness to give fair warning of the prohibited conduct, it must also be general enough to address the problem under varied circumstances and during changing times. *Id.; see Exotic Coins, Inc. v. Beacom,* 699 P.2d 930, 943 (Colo.1985); *People v. Castro,* 657 P.2d 932, 939 (Colo.1983).

### B.

In each case, the defendant contends that the phrase "pattern of sexual abuse" found in section 18–3–405 is unconstitutionally vague because the statute fails to specify what constitutes a pattern. Each defendant argues that the statute deprives him of his right to present a defense because the charge does not adequately give notice of the proscribed conduct.[6] Both defendants further claim that the statute deprives each one of his right to a unanimous jury verdict.[7]

We now direct our attention to the legislature's intent. In construing a statute, we must ascertain and effectuate the legislative intent. *Kern v. Gebhardt,* 746 P.2d 1340, 1344 (Colo.1987). The legislature's intent is to be discerned when possible from the plain and ordinary meaning of the statutory language. *People v. Davis,* 794 P.2d 159, 180 (Colo.1990), *cert. denied,* 498 U.S. 1018, 111 S.Ct. 662, 112 L.Ed.2d 656 (1991).

We turn first to examining the legislature's intent and then next to examining the language of sections 18–3–405(2)(c) and 18–3–401(2.5). To discern the intent of the General Assembly, we note that, in amending section 18–3–405, the legislature was attempting to recognize the very serious nature of a continuing pattern of sexual abuse on a child as a real concern that the trial judge should consider in the sentencing decision. Effective June 1, 1989, the Colorado General Assembly amended section 18–3–405[8] to include offenses committed as a part of a pattern of sexual abuse in an effort to distinguish the perpetrator that commits one offense from the person who commits numerous sexual assaults on the child. According to the legislative history, the amended section, 18–3–405(2)(c), was added to acknowledge the difficulties young children have distinguishing references to time, namely, recalling specific dates and places, particularly where a young child is subjected to abuse over a prolonged period of time.[9] The 1989 addi-

---

6. This concern does not rise to the level of a constitutional defect. Rather, this concern can be adequately addressed procedurally by the appropriate motion for discovery. For example, a bill of particulars would satisfy any concern not covered by the statute and sufficiently advise each defendant of the sexual assault charges against him. Because we confine our analysis to the vagueness issue, we do not reach this issue raised by the defendants.

7. Again, this contention does not raise a constitutional defect in the statute. This matter can be better addressed at the time of the trial by giving the jury a unanimity instruction. Specifically, this procedural defect can be easily cured by submission of the appropriate interrogatories

on the verdict form. Accordingly, we decline to address this potential problem since it does not go to the vagueness of the statute.

8. Act approved June 1, 1989, ch. 163, sec. 2, 1989 Colo.Sess.Laws 903.

9. Representative Fagan and Senator Allison introduced H.B. 1075 which concerned the enhancement of the penalty for the crime of sexual abuse on a child when there is a pattern of sexual abuse. At the House and Senate Judiciary Committee hearings on H.B. 1075, Ms. Karen Steinhauser, Denver Chief Deputy District Attorney and Director of the Family Violence Division, testified on behalf of adopting the amendment:

tion of the pattern of sexual abuse language to the sentence enhancement statute [10] is an unmistakable indication of the legislative intent to proscribe a kind of pattern of sexual abuse conduct which it considers to be of greater social consequence and which merits greater punishment.

We next review the statutory language in question. "When the legislature defines a term in a statute, statutory construction requires that the term be given its statutory meaning." *R.E.N. v. City of Colorado Springs*, 823 P.2d 1359, 1364 (Colo.1992). As so construed in section 18–3–401(2.5), the phrase "a pattern of sexual abuse," for the purpose of the statute defining sexual assault on a child, clearly and unambiguously defines what constitutes a pattern. By its very definition, if an actor commits two or more proven acts of sexual contact on the same victim under the age of fifteen years, then a pattern has been established. This definition is not subject to more than

---

[Sexual assault on a child is] different from any other type of crime. For example, you have a rape against an adult woman. She calls the police immediately. We know when that rape happened.... With children, more often than not they do not tell right away that they've been sexually abused for a variety of reasons. And under the law as it stands now, if we are charging a particular crime, we have to be specific as to the specific incident that occurred. Most of the cases that I prosecute in our unit are cases ... [in which] the abuse has gone on for a long period of time. It is virtually impossible, particularly in young children ... to come up with a particular incident.... [F]or a child who's being abused every afternoon, one afternoon is no different from any other afternoon. And the way the law stands now in some of those cases where we cannot get the child to come up with a particular instance, we can't prosecute....

. . . .

... Under the laws, ... we can't just say that it happened every afternoon between this time frame. We have to come up with one particular incident, ... for example, it was on her birthday and she remembered it because she had just gotten a new dress.... The child remembers it happening every afternoon, but in terms of being able to single out and say that it happened this particular afternoon and this is how it happened this particular afternoon as opposed to the following week, the way it happened this particular afternoon.

Hearing on H.B. 1075 Before the House and Senate Judiciary Committee, 57th Gen.Assembly, 1st Reg.Sess. (Audio tape 89–3, Jan. 17, 1989).

10. During the course of the hearings, witness Tom Bastien raised a question related to the pattern language at issue.

MR. BASTIEN: Does the crime set out in paragraph (c), sexual assault on a child as a part of a pattern of sexual abuse—can that be charged on the second occasion or the third occasion? Because I think, the way it's written, it has to be the third occasion. I think there have to be two priors.

. . . .

MR. BASTIEN: ... [I]f that's the intent [two or more incidents], I don't think you're getting it. I think that the way it reads now, it's three or more, because you go back to that definition on page 1, pattern talks about two, and then you come back to page 2, you have the pattern, so the incidence of a pattern may have occurred within ten years before the offense charged in the charging document. In other words, the pattern—the ones that formed the pattern, there's got to be two of those.

MS. STEINHAUSER: All right.

MR. BASTIEN: And then the way it reads there on page 2, the one you're charging them with comes after the ones that establish the pattern.

. . . .

UNIDENTIFIED: Well, ... in line 11, after "indictment," the offense charged in the information or indictment may constitute one incident—

. . . .

UNIDENTIFIED: —to, uh, yeah, meet the requirements of definition of a pattern of sexual abuse—language to that effect. That way you can charge it on the second. And I really think this says you can ... charge it on the third.

. . . .

UNIDENTIFIED: I don't think that there should be any doubt whatsoever what we're talking about. And I think we're in agreement on that.

. . . .

SENATOR MENDEZ: A conclusion would—: The offense charged and the act—The offense charged may constitute one of the offenses which went toward the establishment of a pattern....

Hearing on H.B. 1075 Before the House and Senate Judiciary Committee, 57th Gen.Assembly, 1st Reg.Sess. (Audio Tape 89–28, May 3, 1989).

At this point, the necessary changes were implemented so that the amendment reads as it does today. After this discussion, it was understood by all that sexual assault on a child as a part of a pattern of sexual abuse can be charged on the second occasion. Thereafter, in a roll-call vote, the House and Senate adopted section 18–3–405(2)(c) unanimously.

one interpretation. The statute fairly describes the forbidden conduct so that persons of common intelligence can readily understand its meaning and application, namely, sexual contact between the same actor and the same victim, happening two or more times within a ten-year period of time.

Here, the statute is sufficiently particular and contains a readily ascertainable standard by which one's conduct can be measured. The statute is neither vague, nor unconstitutional. We conclude, therefore, that the defendants have failed to carry their burden in proving unconstitutionality beyond a reasonable doubt.

The People finally contend that the district court erred in its interpretation of the Colorado statute defining "pattern of sexual abuse." We agree. The district court was guided by the holding in *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), and *H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989),[11] in finding that two acts of sexual contact may not necessarily create a pattern. In our view, these United States Supreme Court cases construing the Racketeer Influenced and Corrupt Organizations statute are not instructive to the case at hand and, thus, the district court's reliance on *Sedima* and *Northwestern Bell Telephone Co.* was misplaced.

We do not find the interpretation of "pattern of racketeering activity" dispositive to the statute before this court. The trial court erroneously relied on the Supreme Court's interpretation of a pattern of racketeering activity in its analysis of the phrase "pattern of sexual abuse." Rather, the trial court should have confined its analysis to addressing the statutory construction of the sentence enhancement statute and the legislature's intent.

Based on the statutory language and the legislature's intent, we conclude that the definition of the phrase "a pattern of sexual abuse," for the purpose of the statute defining sexual assault on a child, is clear and unambiguous. A "pattern of sexual abuse" is specifically defined in section 18–3–401(2.5) to mean the "commission of two or more incidents of sexual contact." The relationship requires the same actor and the same victim involved in the various acts of sexual contact. The statute further specifies that the acts that constitute the pattern must have been committed within ten years of the offense charged in the information. The statute fairly describes the forbidden conduct so that persons of common intelligence can readily understand its meaning and application.

The Colorado legislature intended and stated articulately that two or more incidents are sufficient to establish the pattern of sexual abuse. The legislature has opted for language "sufficiently general to address the essential problem under varied circumstances and during changing times." *People v. Allen*, 657 P.2d 447, 449 (Colo. 1983). The 1989 amendment to section 18–3–405 provides an intelligent standard for permitting a rational distinction between a pattern of sexual abuse and one instance of sexual assault on a child. We hold that the present definition of a pattern of sexual abuse is not unconstitutionally vague.

### III.

We hold that section 18–3–405 is not unconstitutionally vague. The statute sets forth a precise definition of what constitutes a pattern of sexual abuse: that the offense included two or more incidents of sexual contact by the same actor on the same victim under the age of fifteen years within a ten-year period of time. The statute possesses sufficient clarity to apprise a person of reasonable intelligence of the

11. The United States Supreme Court interpreted the federal Racketeer Influenced and Corrupt Organizations statute ("RICO"), which defined "pattern of racketeering activity" as requiring "*at least* two acts of racketeering activity." *Sedima, S.P.R.L.*, 473 U.S. at 496 n. 14, 105 S.Ct. at 3285 n. 14 (emphasis added). The Court found that something more was necessary than two racketeering acts. The pattern language in RICO differs from the language of the Colorado statute defining pattern of sexual abuse. Further, the RICO statute does not define "pattern," in contrast to this case, where the definition provided by the state legislature is precise.

required conduct. In each action, we reverse the judgment of the district court dismissing the charge of a pattern of sexual abuse under section 18–3–405 and remand the case to the district court for reinstatement of that charge and for further proceedings consistent with the views expressed in this opinion.