The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Harold GRAHAM, Defendant–Appellant.

No. 91CA1984.

Colorado Court of Appeals,
Div. I.

Jan. 13, 1994.

Rehearing Denied March 3, 1994.

Petition and Cross–Petition for
Certiorari Denied July 18, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Linda C. Michow, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Law Office of Sheila M. Davis, P.C., Sheila M. Davis, Denver, for defendant-appellant.

Opinion by Judge PIERCE *.

Defendant, Harold Graham, appeals a judgment of conviction entered on a jury verdict finding him guilty of sexual assault on a child as a part of a pattern of abuse. We affirm in part and reverse in part and remand with directions.

Defendant was charged with aggravated incest and sexual assault on a child as a part of a pattern of abuse. The evidence reveals that, from 1987 through 1990, defendant repeatedly sexually assaulted the daughter of the woman with whom he was living. Although the jury found defendant guilty of both charges, the aggravated incest conviction was subsequently overturned by the trial court as a result of newly discovered evidence.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

## I.

Defendant contends that § 18–3–405(2)(c), C.R.S. (1993 Cum.Supp.), enacted in 1989, is unconstitutional for several reasons. This statute elevates the crime of sexual assault on a child from a class 4 to a class 3 felony when the offense is committed as a part of a pattern of sexual abuse. Defendant specifically argues that the statute is unconstitutionally vague; that, as applied to him, it allows improper introduction of similar transaction evidence; and that it violates the constitutional proscription against *ex post facto* laws. We perceive no constitutional defect in the statute itself, but do rule that its application to defendant may have been *ex post facto* and, thus, improper.

### A.

Defendant's assertion that the statute is unconstitutionally vague has been rejected by our supreme court in *People v. Longoria*, 862 P.2d 266 (Colo.1993).

### B.

■ We are also not persuaded by defendant's argument that the statute is unconstitutional because it allows the introduction of similar transaction evidence without requiring the safeguards outlined in *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959). The evidence of the multiple incidents of sexual abuse is not similar transaction evidence offered to prove scheme, plan, intent, or design. Rather, it is evidence that forms an integral part of the offense with which defendant was charged. Hence, no limiting instructions were required. *People v. Aldrich*, 849 P.2d 821 (Colo.1992).

### C.

Defendant also contends, however, that the statute, as applied here, is an *ex post facto* law prohibited by U.S. Const. art. I, § 10, and Colo. Const. art. II, § 11. We conclude that the treatment of the issue in the trial court does reveal the possibility of an *ex post facto* application.

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

■ An *ex post facto* law is one which punishes as a crime conduct that was innocent when done, makes more onerous the punishment for a crime after its commission, or deprives a defendant of a defense that was available at the time the crime was committed. *People v. District Court*, 834 P.2d 181 (Colo.1992).

■ Two critical elements must be present for a criminal statute to be considered an *ex post facto* law: it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. However, legislation is not rendered unconstitutionally retrospective *only* because it might operate on a fact or status preexisting its effective date. As long as the punitive features of the law apply only to acts committed after the statutory proscription becomes effective, it is not constitutionally impermissible. *Gasper v. Gunter*, 851 P.2d 912 (Colo.1993).

The challenged subsection of the statute, § 18–3–405(2)(c), should be viewed in context of the entire statute § 18–3–405, C.R.S. (1993 Cum.Supp.) which reads:

(1) Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim.

(2) Sexual assault on a child is a class 4 felony, but it is a class 3 felony if:

(a) The actor commits the offense on a victim by use of such force, intimidation, or threat as specified in section 18–3–402(1)(a), (1)(b), or (1)(c); or

(b) [subsection repealed effective July 1, 1990]

(c) The actor commits the offense as a part of a pattern of sexual abuse. No specific date or time must be alleged for the pattern of sexual abuse; except that the acts constituting the pattern of sexual abuse must have been committed within ten years of the offense charged in the information or indictment. The offense charged in the information or indictment shall constitute one of the incidents of sexual contact involving a child necessary to form a pattern of sexual abuse as defined in section 18–3–401(2.5).

(3) If a defendant is convicted of the class 3 felony of sexual assault on a child pursuant to paragraph (a) or (c) of subsection (2) of this section, the court shall sentence the defendant in accordance with the provisions of section 16–11–309, C.R.S.

Complaint is not made as to § 18–3–405(1), C.R.S. (1993 Cum.Supp.), and looking at the statute alone, the conviction as to that section stands as a class 4 felony. The record is adequate to justify the conviction as to that portion of the statute.

The difficulty comes in the application here of § 18–3–405(2), C.R.S. (1993 Cum.Supp.), the purpose of which is to provide enhanced punishment. *See People v. Longoria, supra.* Under § 18–3–405(2), a trial court is required to sentence a defendant as a class 3 felon if the jury finds that he or she committed two or more sexual assaults on a child within a specified ten year period. The problem in this case, however, is that several of the assaults took place *before* the enactment of this portion of the statute and several took place afterwards.

The particular jury instruction in question reads:

PATTERN OF SEXUAL ABUSE means the commission of two or more incidents of sexual contact involving a child when such offenses are committed by an actor upon the same victim.

The evidence in this case raises issues concerning several alleged incidents of sexual assault. In order to find a pattern of sexual abuse, you must unanimously agree that either of the following have been proven beyond a reasonable doubt:

1. The defendant committed all of the incidents described by the evidence and included within the ten year period, or

2. The defendant committed two or more incidents of sexual contact with the victim described by the evidence within the ten year period. The jurors must unanimously agree that the same two or more incidents have been proven beyond a reasonable doubt.

*See Thomas v. People,* 803 P.2d 144 (Colo. 1990).

■ The jury was not instructed that defendant's conviction of the predicate offense had to be based on an act which occurred *after* the passage of this portion of the statute. And, there is no way that we can determine from the jurors' verdict or answers to interrogatories whether the predicate offense they selected to justify the enhancement from a class 4 to a class 3 felony occurred after the enhancement portion of the statute became operative. Under the evidence presented, the verdict could have been based on an act which preceded the passage of the statute. Therefore, the enhancement portion of the conviction cannot stand.

## II.

Defendant also contends that the trial court erred in denying his motion for new trial based on newly discovered evidence. We disagree.

Throughout the trial, the victim referred to defendant as her father. After the trial, defendant filed a motion for judgment of acquittal and for new trial based on the newly discovered evidence which surfaced during a civil case involving the victim's mother. In that civil case, the victim's mother answered a complaint by stating that she had never considered the defendant to be her common law husband and that she did not believe she was involved in a common law marriage. Based on this newly discovered evidence, plus the absence of any evidence indicating the victim to be defendant's natural or adopted child, the trial court partially granted defendant's motion for judgment of acquittal with respect to the aggravated incest conviction. However, defendant's motion for new trial as to the remaining conviction was denied.

■ In order to prevail on a motion for new trial based on newly discovered evidence, a defendant must show that the evidence was discovered after the trial; that he and his counsel exercised diligence to discover evidence favorable to him prior to and during the trial; that the newly discovered

evidence is material; and that, on retrial, the evidence would probably produce an acquittal. *People v. Estep,* 799 P.2d 405 (Colo.App. 1990).

■ Motions for new trial based on newly discovered evidence are generally looked upon with disfavor. Hence, a denial of such a motion will not be overturned unless it is shown that the trial court clearly abused its discretion. *People v. Williams,* 827 P.2d 612 (Colo.App.1992).

■ Defendant argues, and we agree, that the evidence was discovered after the trial and that he and his counsel exercised due diligence to discover favorable evidence prior to and during the trial. Therefore, we need only consider whether the evidence was material and would probably produce an acquittal.

The majority of the prosecution's case against defendant rested on the testimony of the victim. The testimony of the victim's mother concerning her marriage to defendant was not critical to establishing the elements of the sexual assault charge. Nor did that testimony have any impact on the victim's version of the events which led to the charges filed in this case. Furthermore, although the evidence might have had some effect on the jury's assessment of the credibility of the victim's mother, she did not testify that she had any firsthand knowledge of the assaults. Accordingly, the impeachment of her testimony would not have affected the outcome of the trial. We therefore agree with the trial court that there was no reasonable probability that the verdict on the sexual assault count would have been different given the newly discovered evidence.

## III.

Finally, defendant contends that the bill of particulars did not provide sufficient information to allow him to prepare a defense. We are not persuaded.

■ The purpose of a bill of particulars is to enable a defendant to procure witnesses, prepare for trial, and prepare a defense. *Woertman v. People,* 804 P.2d 188 (Colo. 1991). However, a defendant is not neces-

sarily entitled to receive all the information he requests, and detailed disclosure of the evidence upon which the prosecution will rely is not required. *Kogan v. People,* 756 P.2d 945 (Colo.1988).

 Here, prior to trial, defendant filed a motion for a bill of particulars. Upon an order from the court, the prosecutor filed a bill of particulars, outlining with some specificity the incidents of sexual assault reported by the victim over a four-year period.

The victim was only 10 years old when the assaults began and, therefore, cannot be expected to relay in detail the dates of the various incidents. However, she did provide specific details of the sexual contact. Given the ongoing nature of the assaults and the age of the victim, no more can be expected. *See People v. Aldrich, supra.*

Because defendant was provided with the specific incidents upon which the prosecution would rely and was given the general time frame within which the assaults occurred, we conclude that the bill of particulars was sufficient here.

Defendant's remaining contentions are without merit.

The conviction as it pertains to § 18–3–405(1), C.R.S. (1993 Cum.Supp.) is affirmed, but the enhancement portion of the conviction pursuant to § 18–3–405(2) is reversed, and the cause is remanded for further proceedings. If the prosecution should elect to accept our ruling that only § 18–3–405(1) is applicable and does not pursue the enhancement portion of the statute, then the trial court shall resentence this defendant as a class 4 felon. On the other hand, if the prosecution decides to pursue the enhancement portion of the statute further, then defendant is granted a new trial on all issues relative thereto, and such trial shall be conducted under instructions as recommended in this opinion.

ROTHENBERG, J., concurs.

CRISWELL, J., concurs in part and dissents in part.

Judge CRISWELL concurring in part and dissenting in part.

I fully agree with the majority that the judgment of conviction of sexual assault as a part of a pattern of sexual abuse cannot stand, because that conviction may have been based upon one or more incidents occurring prior to the adoption of § 18–3–405(2)(c), C.R.S. (1993 Cum.Supp.). It is my view, however, that defendant's prosecution under this statute suffered from a fundamentally more serious defect because he was not given proper notice of the offense with which he was charged. For this reason, I would reverse the judgment of conviction and remand the cause to the trial court with directions to it to require the People to elect a single incident as the basis for the charge and for a new trial on that charge.

Section 18–3–405(1), C.R.S. (1986 Repl.Vol. 8B) creates the crime of sexual assault on a child. Section 18–3–405(2), C.R.S. (1986 Repl.Vol. 8B and 1993 Cum.Supp.) creates *no* crime; it is simply a sentence enhancer. *See People v. Longoria,* 862 P.2d 266 (Colo.1993). Thus, as its specific provisions make clear, the crime described in § 18–3–405(1) is elevated from a class 4 felony to a class 3 felony if the sexual assault charged under that statute is proven to have been committed under certain circumstances, including that circumstance in which the "[t]he actor commits the offense as a part of a pattern of sexual abuse." Section 18–3–405(2)(c).

In order to establish a "pattern" of sexual abuse, it is not necessary that a specific time or date for each incident comprising the pattern be alleged. It is necessary, however, to establish that the acts constituting the pattern have occurred "within ten years of *the offense charged in the information or indictment.*" Section 18–3–405(2)(c). (emphasis supplied)

As I read § 18–3–405, therefore, the People are required to allege and to prove the commission of a particular sexual assault with the same degree of specificity as they are required to allege and to prove the commission of any other offense. To have this singular offense enhanced to the status of a class 3 felony, it is necessary for the People also to allege and to prove that, in addition to

the predicate offense, at least one additional sexual assault occurred within the pertinent ten-year period.

In my opinion, the People here have never properly charged defendant with a particular sexual assault.

The information that charged defendant with a class 3 felony asserted that defendant had assaulted the victim "*on or before* October 14, 1990," as a part of a pattern of sexual abuse. Defendant requested that he be provided with a bill of particulars describing the incident relied upon, as well as the incidents allegedly comprising the pattern of assaults.

In response, the People filed a 4½ page, single-spaced, bill of particulars, describing numerous instances of sexual assaults, starting prior to March 11, 1987, and continuing through October 21, 1991. It was alleged that during the "summer" of 1988, defendant assaulted the victim every Sunday morning. Likewise, it was asserted that there were assaults perpetrated on a regular basis between October 1988 and May 1989. This bill of particulars also described several later incidents.

However, the People did not specify which of these numerous incidents they were relying upon as the assault referred to in the information. Likewise, it did not seek to distinguish between the incident relied upon for proof of the predicate offense and the incident or incidents relied upon as forming a "pattern" of sexual abuse for sentence enhancement purposes.

Indeed, the People *never* informed defendant which of these numerous incidents was the assault that was referred to in the information. Rather, evidence upon this general pattern of sexual abuse was presented to the jury, and the jury was instructed in the manner described by the majority. Hence, it was left *solely* in the hands of the jurors to decide for themselves which of the numerous incidents between early 1987 and late 1990, constituted the predicate offense and which constituted the pattern. Further, because the jury returned only a general verdict, it is impossible even now to determine which incident was found to be the subject of the information's allegation of sexual assault.

Because the incident selected by the jurors as the predicate offense could have been one that occurred before June 1, 1989, the effective date of § 18-3-405(2)(c), *see* Colo.Sess. Laws 1989, ch. 163 at 903–904, I agree with the majority that that statute could have been applied retroactively, and therefore, application of this sentence enhancer to defendant would be improper under these circumstances.

I am also convinced, however, that, under the circumstances disclosed by this record, defendant's conviction of sexual assault cannot be sustained.

I recognize that due process does not always require that the prosecution specify which of several like incidents is the basis for a charge and that, in appropriate circumstances, the question can be submitted to the jury under an instruction of the nature given here. *Thomas v. People*, 803 P.2d 144 (Colo. 1990).

In *Thomas*, however, the two victims of the assaults were only 3 and 4 years of age, the incidents took place over a period of only a few weeks, and the nature of the assaults were substantially identical. There, also, the only evidence presented by the People came from the victims who, because of their young ages, had difficulty in distinguishing between the various incidents.

Here, in contrast, the victim was in her teens, the numerous incidents allegedly occurred over a period of some five years, the nature of the assaults differed substantially (ranging from fondling through clothes to full sexual intercourse), and the victim had no trouble in describing the nature of the various incidents, their locations, or their approximate dates, although she was unable to provide an exact date for each incident.

Given these circumstances, I am convinced that due process required that the People provide greater specificity for the charge of sexual assault so as to allow defendant an adequate opportunity to prepare for trial. *See Kogan v. People*, 756 P.2d 945 (Colo. 1988).

That the People could easily have done this here is demonstrated by the fact that they *did* designate a specific incident as the basis

for the aggravated incest charge that the trial court dismissed after the return of the verdicts. However, even if the People were unable to designate a specific incident for the sexual assault charge (and this record would, in my opinion, present no basis for such a claim), they should have been required, at the least, to rely upon only a single series of incidents occurring within a limited time frame.

Absent some such designation, however, I would hold that the procedure adopted by the prosecution here violated defendant's right to due process. Hence, I would reverse defendant's conviction and remand the cause to the trial court with directions to require the People to elect which incident is the basis for the predicate sexual assault charge and which incident or incidents relate to the "pattern of abuse" sentence enhancement and for a new trial premised thereon.