The **PEOPLE** of the State of Colorado, Plaintiff

v.

**C.J. DAY, Defendant.**

No. 09SA350.

Supreme Court of Colorado, En Banc.

May 10, 2010.

The jury acquitted Day of sexual assault on a child, § 18-3-405(1), and sexual assault on a child by one in a position of trust, § 18-3-405.3(1), (2)(a), C.R.S. (2008), electing instead to convict Day of attempts in both instances. The issue in this original proceeding arose because the jury proceeded to find Day guilty of the pattern of sexual abuse sentence enhancer.

However, the applicable statutes provide that the trial court cannot enter a judgment of conviction on the pattern of sexual abuse sentence enhancer, unless the jury first finds the defendant guilty of at least two completed incidents of sexual contact on the child victim. Because the jury did not find Day guilty of a completed sexual assault on the child victim, nor, in light of the jury's verdicts, could the record support any conclusion that Day's conduct was a part of a pattern of completed sexual assaults, we hold that the trial court erred as a matter of law in entering a judgment applying the sexual assault on a child as a part of a pattern of sexual abuse sentence enhancement provision, section 18-3-405(2)(d). Accordingly, we make our rule absolute and return this case to the trial court for resentencing.

## I.

The prosecution charged Day with sexual assault on a child, in violation of section 18-3-405(1), count one (referred to as the "couch incident"); sexual assault on a child by one in a position of trust, in violation of section 18-3-405.3(1)-(2), count two (referred to as the "bedroom incident"); and sexual assault on a child as a part of a pattern of sexual abuse sentence enhancer, in violation of section 18-3-405(1), (2)(d), count three. All three counts alleged that the sexual contact occurred with the same child victim between November 1, 2007, and February 28, 2008.

During discussion regarding the jury instructions and verdict forms, the prosecution, the defense, and the trial judge agreed that, if the jury found Day guilty of an attempted and not a completed offense of sexual assault, the pattern of sexual abuse sentence enhancer would be inapplicable. Day's counsel stated, "I believe if the jury finds him guilty of attempted sexual assault, then that cannot be

Pete Hautzinger, District Attorney, 21st Judicial District, Mark R. Hand, Deputy District Attorney, Grand Junction, Colorado, Attorneys for Plaintiff.

Douglas K. Wilson, Colorado State Public Defender, Matthew D. Sandler, Deputy State Public Defender, Grand Junction, Colorado, Attorneys for Defendant.

Justice HOBBS delivered the Opinion of the Court.

Pursuant to C.A.R. 21, we issued our rule to show cause in this case to determine whether the trial court erred as a matter of law in sentencing defendant, C.J. Day, by applying the sentence enhancing provision pertaining to sexual assault on a child as a part of a pattern of sexual abuse, section 18-3-405(2)(d), C.R.S. (2008).

a basis for the pattern [of sexual abuse sentence enhancer]." (Trial Tr. 5:19–21, May 8, 2009). The prosecution responded, "An attempt is not a basis for pattern. He's correct on that." (*Id.* 6:23–24). The trial court agreed by stating, in the event the jury became confused and returned a verdict of guilty on the pattern of sexual abuse sentence enhancer, "that's a question that can easily be answered by the Court after the receipt of the verdicts. Should one of the verdicts be guilty of attempt, then we know it can't be guilty of [sic] and that verdict would be set aside on the pattern charge." (*Id.* 7:2–6).

The jury convicted Day of an attempted, not completed, sexual assault on a child for the couch incident and an attempted, not completed, sexual assault on a child by one in a position of trust for the bedroom incident. The trial court should not have entered a judgment of conviction for sexual assault on a child as a part of a pattern of sexual abuse, because that sentence enhancement statutory provision requires completion of two or more incidents of sexual contact on the child victim and here the jury made findings of attempt only on counts one and two, the allegations of sexual assault on which the prosecution in this case elected to proceed. The jury acquitted Day of the two completed sexual assault charges, as specified by the prosecution in counts one and two, and the prosecution did not prove any other incidents of sexual contact that would support the pattern of sexual abuse judgment of conviction. *See People v. Melillo*, 25 P.3d 769, 778–79 (Colo. 2001).

In contravention of the trial judge's prior determination and the relevant statutes, a different district court judge sentenced Day, applying the pattern of sexual abuse enhancer to Day's sentence and imposing an indeterminate term of ten years to life. We conclude that the trial court erred as a matter of law in doing so. Consequently, we direct the trial court, on remand, to resentence Day for his attempt convictions, without application of the pattern of sexual abuse sentence enhancement statutory provision.

## II.

Because the jury did not find Day guilty of a completed sexual assault on the child victim, nor, in light of the jury's verdicts, could the record support any conclusion that Day's conduct was a part of a pattern of completed sexual assaults, we hold that the trial court erred as a matter of law in entering a judgment applying the sexual assault on a child as a part of a pattern of sexual abuse sentence enhancement provision, section 18–3–405(2)(d). Accordingly, we make our rule absolute and return this case to the trial court for resentencing.

### A. Standard of Review

Whether to exercise our original jurisdiction in response to a petition for a rule to show cause resides within our sole discretion under C.A.R. 21. *See Cook v. Fernandez–Rocha*, 168 P.3d 505, 506 (Colo.2007); *Weaver Const. Co. v. Dist. Ct.*, 190 Colo. 227, 230, 545 P.2d 1042, 1044 (1976). Here, we exercise this authority because the issue before us is a significant legal question of public importance involving statutory construction and the legality of Day's indeterminate ten year to life sentence the trial court imposed.

Interpretation of statutes is a question of law subject to de novo review. *Dubois v. People*, 211 P.3d 41, 43 (Colo.2009). In construing a statute, our goal is to ascertain and give effect to the intent of the General Assembly. *Id.* We first examine the plain language of the applicable statutory provisions and give them effect. *Romanoff v. State Comm'n on Judicial Performance*, 126 P.3d 182, 188 (Colo.2006); *see also* § 2–4–101, C.R.S. (2009). "If the language in the statute is clear and the intent of the General Assembly may be discerned with reasonable certainty, it is not necessary to resort to other rules of statutory interpretation." *Dubois*, 211 P.3d at 43 (quoting *McKinney v. Kautzky*, 801 P.2d 508, 509 (Colo.1990)).

### B. Pattern of Sexual Abuse Sentence Enhancement Provision

Sexual assault on a child as a part of a pattern of sexual abuse is a sentence enhancer to proved offenses of sexual assault

on a child. *People v. Longoria*, 862 P.2d 266, 269 (Colo.1993). As statutorily defined, a pattern of sexual abuse is "the commission of two or more incidents of sexual contact involving a child when such offenses are committed by an actor upon the same victim." § 18–3–401(2.5), C.R.S. (2008). "No specific date or time must be alleged for the pattern of sexual abuse ... [but the] offense charged in the information or indictment shall constitute one of the incidents of sexual contact involving a child necessary to form a pattern of sexual abuse as defined in section 18–3–401(2.5)." § 18–3–405(2)(d). Although the prosecution need not elect a specific incident of sexual contact on which to base the pattern of sexual abuse charge, it must allege and prove that the defendant committed at least two completed incidents of sexual contact on the same child victim for the pattern of sexual abuse sentence enhancer to apply as part of the trial court's judgment of conviction. *Melillo*, 25 P.3d at 778–79. Accordingly, the jury must find beyond a reasonable doubt that the defendant completed at least two distinct incidents of sexual contact on the same child victim to convict the defendant of the pattern of sexual abuse sentence enhancer. *See id.* at 779 (requiring that the jurors unanimously determine which incidents it bases its pattern charge verdict on).

The plain statutory language of the pattern of sexual abuse sentence enhancement provision, § 18–3–405(2)(d), refers back to the criminal offense of sexual assault on a child, § 18–3–405(1). It is clear from this cross-reference that the General Assembly intended a pattern of sexual abuse to act as a sentence enhancement provision to the offense of sexual assault on a child. *See Longoria*, 862 P.2d at 269. The General Assembly enacted the sentence enhancement provision and the accompanying definition of a pattern of sexual abuse in 1989. Ch. 163, secs. 1–2, §§ 18–3–401(2.5), 18–3–405(2)(c), 1989 Colo. Sess. Laws 903. These sections were "added to acknowledge the difficulties young children have distinguishing references to time, namely, recalling specific dates and places, particularly where a young child is subjected to abuse over a prolonged period of time." *Longoria*, 862 P.2d at 270.

Unmistakably, the General Assembly also intended to punish reoccurring offenders more harshly due to the greater impact repeated incidents of sexual contact has on child victims. However, nothing in the plain language of the applicable statutes operates to similarly punish attempted sexual assault offenders via application of the pattern of sexual abuse sentence enhancement provision. *See People v. Cross*, 127 P.3d 71, 73 (Colo.2006) ("We do not add or subtract statutory words that contravene the legislature's obvious intent.").

## C. Application to this Case

■ In the circumstances of this case, the legal question is whether the pattern of sexual abuse sentence enhancer applies if the jury acquits defendant of the underlying sexual assault charge and instead finds defendant guilty of attempted sexual assault. We conclude that as a matter of law it does not.

The prosecution charged Day with and presented evidence of only two incidents: the couch incident and the bedroom incident. The jury found Day not guilty of completed sexual assaults in both incidents. The prosecution did not offer evidence of any other completed incidents of sexual contact that would support a pattern of sexual abuse judgment of conviction. With jury findings of attempts only and no evidence of other completed incidents of sexual contact involving the same child victim, the trial court erred as a matter of law in applying the pattern of sexual abuse sentence enhancer to Day's convictions.

Consequently, we distinguish this case from our decision in *Melillo*. There, we determined that Melillo's conviction of the pattern of sexual abuse sentence enhancer was proper because the language in the information relating to that charge incorporated the elements of the criminal offense of sexual assault on a child and the prosecution introduced evidence of "a number of specific incidents of sexual abuse that occurred over the course of two years" to support the charge. *Melillo*, 25 P.3d at 779.

Melillo alleged that his conviction for the pattern of sexual abuse charge should be

vacated because it did not constitute a substantive offense on its own and was only a sentence enhancer. *Id.* at 777. However, in that case we determined, because the pattern of sexual abuse charge incorporated all of the elements of a sexual assault on a child offense as well as the additional pattern of sexual abuse element, that the record supported Melillo's conviction. Further, the victim in *Melillo* testified that she was "subjected to a series of undifferentiated acts of sexual contact over a prolonged period of time." *Id.* at 779. Thus, even though Melillo was acquitted of two other charged incidents of sexual assault, the evidence supported his conviction for sexual assault as well as the application of the pattern of sexual abuse sentence enhancer.

Here, the prosecution separately charged Day with the underlying sexual assault in count one. The only two incidents that could have formed the factual basis for the pattern of sexual abuse "charge" were also charged individually as counts one and two—the couch and bedroom incidents. In *Melillo,* unlike this case, the prosecution was able to lay an adequate factual foundation to support the application of the pattern of sexual abuse sentence enhancer. Although Day's child victim also did not recall the exact date of the alleged sexual contacts, she was able to distinguish between the two separate acts. The crucial difference here is that the prosecution did not offer any other evidence of "a number of specific incidents" or "a series of undifferentiated acts" that could alternatively form the factual basis for the pattern of sexual abuse judgment of conviction.

In Jury Instruction No. 14 pertaining to the charge of sexual assault on a child, the trial court instructed the jury that it could find Day guilty of a completed sexual assault on a child or an attempted sexual assault on a child, but not both:

> you may not find the defendant guilty of more than one of the following offenses:
> - Sexual Assault on a Child
> - Attempted Sexual Assault on a Child

Employing similar language, Jury Instruction No. 16 addressed the charge of sexual assault on a child by one in a position of trust and the lesser attempt. In accordance with these instructions, the jury found Day guilty only of attempted sexual assault in both instances. It returned signed verdict forms for counts one and two, specifically rejecting guilty verdicts of sexual assault on a child and sexual assault on a child by one in a position of trust, instead finding Day guilty of attempts only. For count one,

> We, the jury, find the defendant, CJ Day, GUILTY of:
> [ ] SEXUAL ASSAULT ON A CHILD–Couch Incident
> [X] ATTEMPTED SEXUAL ASSAULT ON A CHILD–Couch Incident.

For count two,

> We, the jury, find the defendant, CJ Day, GUILTY of:
> [ ] SEXUAL ASSAULT ON A CHILD—POSITION OF TRUST–Bedroom Incident
> [X] ATTEMPTED SEXUAL ASSAULT ON A CHILD—POSITION OF TRUST–Bedroom Incident.

Because the jury found Day guilty of two attempted sexual assaults, not of any completed offenses, and there were no other incidents of sexual contact at issue or proved in the case, the pattern of sexual abuse sentence enhancer is inapplicable to Day's sentence.

We do not accept the prosecution's argument to us that this is a case of inconsistent verdicts and that we can and should allow use of the sentence enhancer in this case. *See People v. Frye,* 898 P.2d 559, 571 (Colo. 1995) (reaffirming *Crane v. People,* 91 Colo. 21, 11 P.2d 567 (1932) and following *United States v. Powell,* 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984)). We conclude that this line of cases is inapposite to the issue before us. Our jurisprudence concerning inconsistent verdicts addresses jury verdicts where the statutory definition of one offense includes elements separate and distinct from the elements of the other offense and where the jury enters a guilty verdict on one offense and acquittal on the other based on evidence in the record. *People v. Strachan,* 775 P.2d 37, 39–40 (Colo.1989); *see, e.g., Frye,* 898 P.2d at 571 (affirming jury verdict finding defendant guilty of menacing with deadly weapon charge and acquitting defendant of first degree sexual assault charge).

Here, we are tasked with resolving whether a defendant may be convicted of a sentence enhancer after acquittal of the underlying substantive offense on which the enhancer must be based.

Pursuant to the plain language of the pattern of sexual abuse sentence enhancement statutory provision, § 18–3–405(2)(d), attempts do not support a pattern of sexual abuse conviction. The problem in this case arose because, after finding Day guilty of attempted sexual assault on a child and attempted sexual assault on a child by one in a position of trust, the jury nonetheless proceeded to determine Day guilty of the pattern of sexual abuse sentence enhancer. In doing so, it answered interrogatories basing its verdict on the "allegations contained within" counts one and two, the couch and bedroom incidents. These are the very allegations the jury considered when finding Day guilty of attempted and not the charged, completed sexual assaults. Apparently, the jury was confused about the pattern of sexual abuse instruction and verdict form; it may have mistakenly thought attempts could support a pattern of sexual abuse conviction.

Recognizing the possibility of potential jury confusion about the pattern of sexual abuse verdict form, the prosecution, the defense, and the trial judge in this case agreed during the jury instructions conference that, if the jury returned an attempt finding on either or both of the couch or bedroom incidents, the pattern of sexual abuse sentence enhancer would not apply. The defense had offered a different pattern of sexual abuse verdict form the trial court did not accept. Referring to the instructions and verdict forms the trial court proceeded to give, the prosecution clarified the charges at issue in the case by stating that, "I've charged two separate acts ... an attempt is not a basis for pattern."

Taken as a whole, the record demonstrates that, unlike *Melillo*, the prosecution tried this case and the trial judge submitted it to the jury on the basis that only two incidents of alleged sexual contact were at issue. Jury Instruction Nos. 14 and 16 and the corresponding verdict forms pertaining to counts one and two distinguished a completed sexual assault from an attempt. This was consistent with the parties' and the trial court's correct understanding of the statute that the pattern of sexual abuse sentence enhancer would not apply if the jury found Day guilty of attempted instead of completed acts of sexual assault. However, the parties did not take the precaution of fashioning the pattern of sexual abuse verdict form or accompanying instruction to contain a notation that the jury should not proceed to consider the pattern of sexual abuse sentence enhancer if it had found Day guilty of an attempted sexual assault on either counts one or two.

All parties had agreed that only two incidents of sexual contact were at issue and the trial court submitted the case to the jury on that basis. Instead of refining the instructions or the pattern of sexual abuse verdict form, the trial judge said he would set aside the pattern of sexual abuse verdict should "one of the verdicts be guilty of attempt."

The prosecution now argues in this original proceeding that the jury intended to find Day guilty of two attempted sexual assaults in counts one and two, but also of two completed sexual assaults in count three for the identical incidents alleged in counts one and two. Accordingly, the prosecution urges us to conclude that the jury meant to find Day guilty of two completed sexual assaults. But, Jury Instruction Nos. 14 and 16 provided that the jury could not find Day guilty of both the attempted and the completed sexual assaults; instead, it had to choose between them. The jury chose attempts only. Under the facts of this case, this choice rendered a judgment of conviction for the pattern of sexual abuse inoperative under section 18–3–405(2)(d).

Consistent with the statute, trial courts should instruct jurors that only if they find the defendant guilty of two or more completed incidents of sexual contact should they proceed to determine if the defendant is guilty of a pattern of sexual abuse as well. The sentence enhancing provision of section 18–3–405(2)(d) can only be applied where the defendant is found guilty of the particular predicate offense charged under section 18–3–405(1) and where the evidence supports the conclusion that at least one other inci-

dent of sexual contact had occurred. One of those incidents must be charged in the information or indictment, § 18–3–405(2)(d), but the remaining incident or incidents may be uncharged and proved through evidence presented at trial, so long as the jurors unanimously agree on which comprise the pattern of sexual abuse, *Melillo,* 25 P.3d at 779. This can be accomplished through an appropriate set of instructions, verdict forms, and interrogatories. *See People v. Kyle,* 111 P.3d 491, 503 (Colo.App.2004); *People v. Brown,* 70 P.3d 489, 492 (Colo.App.2002). Under *Melillo,* where the prosecution does not elect to charge a defendant with a specific incident of sexual assault, the section 18–3–405(2)(d) sentence enhancer can still be applied where the requirements for non-election have been met. 25 P.3d at 779 ("[W]e find that count three, combined with [the non-election instruction] . . . sufficiently charges the crime of sexual assault on a child.").

The reversible error in this case occurred when a different judge, not the trial judge, sentenced Day pursuant to the pattern of sexual abuse enhancement provision and in contravention of the parties' prior agreement that it was inapplicable if the jury found Day guilty only of attempted sexual assaults on the child victim.

Under the circumstances of this case, the trial court erred as a matter of law in applying to Day's sentence the pattern of sexual abuse sentence enhancer, pursuant to section 18–3–405(2)(d). Consequently, we direct the trial court, on remand, to resentence Day for his attempt convictions, without application of the pattern of sexual abuse sentence enhancement statutory provision.

### III.

Accordingly, we make our rule absolute and return this case to the trial court for resentencing consistent with this opinion.

Justice COATS dissents, and Justice RICE and Justice EID join in the dissent.

### Justice COATS, dissenting.

Rather than addressing the trial court's inconsistent-verdicts analysis head on, the majority simply declines to acknowledge what I consider to be the jury's clear findings of two completed sexual assaults in connection with the pattern-of-abuse charge. Although its assertion that the jury found only inchoate rather than completed offenses would seem to dispose of the matter altogether, the majority goes on to severely limit our holding in *People v. Melillo,* 25 P.3d 769 (Colo.2001), regarding the permissible methods of charging and finding a pattern of sexual abuse. Finally, as if not entirely convinced by either of these rationales, the majority also reads the record (in my view, without justification) as including the prosecutor's concession that any finding of a pattern of abuse under these circumstances would have to be set aside. Because I believe the trial court, rather than the majority, properly analyzed the defendant's motion for judgment of acquittal after discharge of the jury, I respectfully dissent. Because I also consider the exercise of this court's original jurisdiction under these circumstances to be manifestly inappropriate, I would dismiss without opinion.

As an initial matter, there has never been the slightest doubt that a pattern of sexual abuse consists of two or more completed, rather than merely attempted, acts of sexual contact with the same child; and neither the prosecution nor the trial court has ever suggested otherwise. Rather, the defendant's motion for judgment of acquittal and the trial court's corresponding denial of that motion question whether a single count of a charging document can permissibly charge both the crime of sexual assault on a child and the pattern of abuse sentence enhancer; whether count three of the information in this case did so; and whether the instruction and verdict form on that count evidenced jury findings of the requisite completed acts of sexual assault on a child. In light of our existing precedent and the specific charge, instruction, and findings at issue here, the answer to these questions can only be a resounding, "Yes."

In *People v. Melillo,* we addressed these precise questions and found a single charge and verdict sufficient to uphold a pattern of sexual abuse conviction. 25 P.3d at 777–80. Just as in *Melillo,* the prosecution in this

case charged the defendant in the third count of the information with committing sexual assault on a child as part of a pattern of sexual abuse, identifying in the same count the elements of sexual assault on a child, the specific victim, the specific time-frame over which the abuse was committed, and the appropriate statutory reference. *See id.* at 779–80. In this regard, the only significant difference between *Melillo* and this case is the fact that, unnecessary as it was, this jury specifically identified as predicate offenses the two sexual assaults with which the defendant was separately charged and of which he was, at most, implicitly acquitted.

Even more clearly than in *Melillo,* therefore, the charge, instruction, and verdict on count three in this case evidence a finding of sexual assault on a child committed as part of a pattern of sexual abuse. Because the jury not only found the defendant guilty of committing two sexual assaults in its verdict on the pattern of abuse count but also returned verdicts of attempting to commit the same sexual assaults in its verdicts on counts one and two of the information, however, the obvious inconsistency of these verdicts separately raises the question whether effect can be given to them all. As the trial court accurately noted, in *People v. Frye* this court made clear that jury verdicts (with the possible exception of guilty verdicts for two different crimes, one of which logically excludes a finding of guilt on the other) need not be consistent unless specifically required by statute. 898 P.2d 559, 571 (Colo.1995). Finding the actual commission of crimes, as the jury did in the pattern-of-abuse count in this case, clearly does not logically exclude, and in fact necessarily implies, a determination that the defendant attempted to commit them.

The majority does not appear to dispute this statement of, or overtly attempt to overturn, the law governing inconsistent verdicts in this jurisdiction but instead simply ignores the jury's specific finding on the pattern-of-abuse count, conclusorily asserting that the jury must have predicated its pattern of abuse verdict on attempts rather than on completed crimes. The actual language of the jury's findings and instructions, however, simply does not support such an interpretation. The jury was indisputably instructed that it was to return a verdict of guilt on the pattern-of-abuse count only upon finding all of the elements of two *completed* sexual assaults on the same child. In addition, the jury made specific findings that the two incidents upon which it based its pattern of abuse verdict were the "allegations" contained in counts one and two of the information. Both counts, of course, alleged completed acts of sexual assault rather than mere attempts.

Although the jury returned verdicts of the lesser included offenses of attempt in counts one and two, it is obvious that they did not do so because they actually believed the defendant failed to complete the criminal acts with which he was charged. In light of the evidence presented in this case, it would have been patently absurd to believe the defendant took a substantial step toward touching, but failed to actually touch, an intimate part of the child in question. Whether the inconsistency between the jury's verdicts on the first two counts and its verdict on the third count was the result of compromise, a desire to show leniency, or even a failure to understand that it was obliged to return guilty verdicts of completed sexual assaults rather than mere attempts if it considered both to have been proved, in the absence of improper instructions or inadequate findings, its verdict is sacrosanct and cannot be questioned. *See Frye,* 898 P.2d at 570–71.[1]

Perhaps in tacit acknowledgement that its characterization of the jury's findings is less than convincing, the majority offers (without precisely explaining their significance) two other arguments in support of its judgment.

---

1. Under our criminal jurisprudence we have surrounded one who is charged with a criminal offense with constitutional safeguards against the exercise of arbitrary power by courts, one of which is trial by jury. There are a number of others, all necessary to protect the liberties of men. To retain the right of trial by jury it is necessary that the system remain practicable and workable, and that we do not erect barriers which are not predicated upon sound interpretations of constitutional principles and inconsistent with the practical means used by a jury in reaching its conclusions.
*Frye,* 898 P.2d at 570–71.

Of greater import for future pattern-of-sexual-abuse cases, the majority narrowly interprets our holding in *Melillo*, virtually limiting it to the procedural posture of that particular case. Despite protesting throughout that the verdicts in this case do not implicate our jurisprudence governing inconsistent verdicts, the majority couches in terms of charging and instructing limitations a special rule designed for the sole purpose of declining to give effect to inconsistent pattern-of-abuse verdicts. Although the majority appears unwilling to overtly overturn or carve out an exception to our recent inconsistent-verdicts jurisprudence, it does so indirectly by effectively forbidding a prosecuting authority from charging the same act of sexual assault on a child both individually and as part of a pattern of sexual abuse.

Finally, the majority asserts that the parties agreed to disregard a verdict of guilt on count three if the jury also returned a verdict of the lesser included offense of attempt on either count one or count two. Whatever the majority considers the significance of this assertion to be, I believe it cannot be supported by the record. While defense counsel clearly wanted a differently phrased verdict form and the trial judge just as clearly indicated his intent to deal with the matter, should it become necessary, after return of the verdicts, the prosecutor agreed only that, as a matter of law, a pattern of sexual abuse could not be predicated on inchoate offenses. Nothing in the record suggests the prosecutor conceded that a guilty verdict on count three should be disregarded under these circumstances, and nothing even remotely approaching a binding stipulation occurred. Regardless of any intentions the substitute trial judge may have harbored, the effect of the jury's verdicts, in light of the charges, instructions, and verdict forms, is ultimately a matter of law for this court.

Because I not only consider the majority's analysis fundamentally flawed but also fear that its attempt to distinguish *Melillo* has substantially undercut the holding of that case, I respectfully dissent. Because I also fail to perceive anything about this case distinguishing it from the denial of a motion for judgment of acquittal following a jury verdict in virtually any other criminal case (for which an appeal would be an adequate remedy), I consider the exercise of our original jurisdiction inappropriate, and I would therefore simply dismiss as improvidently granted.

I am authorized to state that Justice RICE and Justice EID join in this dissent.