Gilbert MARQUEZ, Jr.,
Petitioner-Appellant,

v.

COUNTY COURT In and For the COUNTY OF EL PASO and the Honorable Douglas E. Anderson, one of the Judges thereof, Respondents-Appellees.

No. 85CA0277.

Colorado Court of Appeals,
Div. IV.

April 3, 1986.

Alexander & Wieman, William A. Alexander, Jr., Colorado Springs, for petitioner-appellant.

Douglas E. Anderson, pro se.

HODGES, Justice.*

Gilbert Marquez, Jr., pursuant to C.R.C.P. 106, petitioned the district court to order dismissal of traffic charges pending against him in the county court on the grounds that the county court had refused to afford him the protection of compulsory joinder and also had not provided him a speedy trial. The district court denied the petition, and Marquez appeals. We reverse.

On March 3, 1984, Marquez was arrested for various traffic offenses and a misdemeanor charge of obstructing a police officer. Because Marquez was a juvenile, the district attorney on March 6 moved for dismissal of the misdemeanor in the county court. The motion was granted, the misdemeanor charge was made the basis of a delinquency petition in the juvenile court, and the matter was disposed of by that court.

Counsel for Marquez objected to the dismissal of only the misdemeanor in the county court. He argued that the misdemeanor and traffic offenses were all based on the same act or series of acts arising from the same criminal episode and that, therefore, all of the offenses had to be prosecuted by separate counts in a single prosecution as required by § 18–1–408(2), C.R.S. (1978 Repl.Vol. 9) (the compulsory joinder statute). His objection to the limited dismissal was rejected, and Marquez pled not guilty to the traffic charges.

## I. COMPULSORY JOINDER

In July 1984, Marquez moved the county court to dismiss the traffic charges on the ground that he had not been afforded the protection of the compulsory joinder statute. In denying this motion, the county court reasoned that because Marquez was a juvenile, the juvenile court alone had jurisdiction with regard to the misdemeanor charge, but held that the juvenile court "has no authority whatsoever, to hear traffic charges when the child is sixteen or seventeen years old." Accordingly, it ruled that since it was the court with proper jurisdiction of the traffic charges, it could proceed with their prosecution even though the language of the compulsory joinder statute would appear to bar such prosecution.

The district court, in denying the C.R.C.P. 106 petition of Marquez, adopted the county court's rationale and ruled, in effect, that, under the circumstances of this case, an exception to the enforcement of the compulsory joinder statute was properly fashioned by the county court. We do not agree.

Section 18–1–408(2), C.R.S. (Repl.Vol. 8), the compulsory joinder statute, provides:

"If the several offenses are known to the District Attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the District Attorney elects to proceed must be prosecuted by separate counts in a single prosecu-

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3),

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

tion if they are based on the same act or series of acts arising from the same criminal episode. Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution."

Neither this nor any other statute or provision of law provides for any exception to the statutory requirement of a single multiple-count prosecution. Nor is there any statutory or case law support for the rationale of the county and district courts that sixteen- and seventeen-year-old juveniles faced with a misdemeanor charge and related traffic charges cannot be afforded the protection of the compulsory joinder statute because the juvenile court has no authority to try traffic charges.

■ The Colorado Children's Code does define a "delinquent child" in such a way as apparently to preclude a traffic charge from being the sole basis for a delinquency petition in the juvenile court against a child who is not "under sixteen years of age." *See* § 19-1-103(9)(c) and § 19-1-104(1)(a), C.R.S. (1978 Repl.Vol. 8). However, the Code, § 19-1-101, et seq., C.R.S. (1978 Repl. Vol. 8), contains no limitation on the authority of the juvenile court to consider traffic charges when coupled with other misdemeanor or felony charges committed as a part of the same act or series of acts. Hence, we can find no valid reason why the traffic charges against Marquez could not have been included with the misdemeanor charge in the delinquency petition which was filed in the juvenile court and disposed of by that court.

■ The factual situation here clearly comes within the definitive requirements for application of the compulsory joinder statute specified in *Corr v. District Court*, 661 P.2d 668 (Colo.1983). Although Class 3 and Class 4 felonies were at issue in *People v. Jiminez*, 651 P.2d 395 (Colo.1982), rather than the misdemeanor charge and the traffic charges as here, we adopt its holding and rationale. That case emphasized, for charges arising from the same incident, that it would be inconsistent with the spirit, if not the literal language of the compulso-

ry joinder statute to permit the People to prosecute one charge in the district court and, as to the other charge, to proceed independently against the defendant in a delinquency petition in the juvenile court.

Accordingly, the district court erred in refusing to order the dismissal of the traffic charges pending against Marquez in the county court.

## II. SPEEDY TRIAL

Although we perceive error in the district court's refusal to issue a show cause order to the county court to demonstrate why it had failed to bring Marquez to trial on the traffic charges within the six-month time limit imposed by § 18-1-405, C.R.S. (1978 Repl.Vol. 8), consideration of that issue is unnecessary in view of our disposition of the compulsory joinder issue.

The judgment is reversed and this cause is remanded to the district court for entry of an order requiring the appellee county court to dismiss the traffic charges.

ENOCH, C.J., and SILVERSTEIN, J., concur.