The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

John B. BOWRING, Defendant–Appellant.

No. 93CA1672.

Colorado Court of Appeals, Div. I.

March 23, 1995.

Rehearing Denied April 27, 1995.

Certiorari Denied Sept. 25, 1995.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1994 Cum.Supp.).

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Catherine P. Adkisson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, John B. Bowring, appeals the judgment of conviction entered upon jury verdicts convicting him of sexual assault on a child as a pattern of sexual abuse and aggravated incest. He also appeals the sentence imposed. We affirm the judgment, but vacate the sentence in part and remand with directions.

The offenses for which defendant was convicted were based on evidence of defendant's sexual contact with his thirteen-year-old daughter. Defendant gave police a statement that he had been having sexual relations with his daughter for about thirteen months. At trial, however, he asserted a defense of general denial. The victim testified to many incidents of sexual molestation beginning when she was ten years old, including a sexual assault on April 22, 1992. Also, the victim's brother testified that he saw defendant and the victim having sex and that defendant instructed him to have sex with the victim.

In addition to being sentenced to two concurrent thirty-two-year terms in the Department of Corrections, defendant was ordered to pay sex offender surcharges on each count pursuant to § 18–21–103, C.R.S. (1994 Cum. Supp.) and § 24–4.2–104, C.R.S. (1994 Cum. Supp.).

### I.

■ Defendant initially asserts that the pattern of sexual abuse provision, § 18–3–405(2)(c), C.R.S. (1994 Cum.Supp.), violates a defendant's state and federal guarantees of due process and equal protection in that it allows the prosecution to introduce evidence of alleged uncharged crimes of the accused without having to comply with the procedural safeguards afforded by § 16–10–301, C.R.S. (1994 Cum.Supp.), CRE 404(b), and case law on this issue, which insure against convictions based upon uncharged conduct. We reject these assertions.

Section 16–10–301 sets forth the circumstances under which evidence of similar transactions may be introduced in cases involving sexual assault.

CRE 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■ Further, in order to admit other crime evidence, the trial court must make findings as required by the four-part test set forth in *People v. Spoto*, 795 P.2d 1314 (Colo. 1990). And, before admitting such evidence, the trial court, on the basis of all the evidence before it, must be satisfied by a preponderance of the evidence that the other crimes occurred and that the defendant committed them. *People v. Garner*, 806 P.2d 366 (Colo.1991).

Section 18–3–405, C.R.S. (1994 Cum.Supp.) provides in relevant part:

(2) Sexual assault on a child is a class 4 felony, but it is a class 3 felony if:

. . . .

(c) The actor commits the offense as a part of a pattern of sexual abuse. No specific date or time must be alleged for the pattern of sexual abuse; except that the acts constituting the pattern of sexual abuse must have been committed within ten years of the offense charged in the information or indictment. The offense charged in the information or indictment shall constitute one of the incidents of sexual contact involving a child necessary to form a pattern of sexual abuse as defined in section 18–3–401(2.5).

Section 18–3–401(2.5), C.R.S. (1994 Cum. Supp.) states:

'Pattern of sexual abuse' means the commission of two or more incidents of sexual contact involving a child when such offenses are committed by an actor upon the same victim.

Hence, under the statutory language, the basic offense of sexual assault on a child, as defined in § 18–3–405, C.R.S. (1986 Repl.Vol. 8B), is a class 4 felony but, if defendant is convicted under § 18–3–405(2)(c), the offense is classified for sentencing purposes as a class 3 felony and defendant is thereby subject to an enhanced punishment. *People v. Longoria*, 862 P.2d 266 (Colo.1993).

■ Although a sentence enhancement provision is not an element of the offense charged, it is similar thereto in that a defendant may not be sentenced at the higher felony level unless the factor enhancing the

sentence is proved beyond a reasonable doubt. *Armintrout v. People,* 864 P.2d 576 (Colo.1993).

■ Before addressing defendant's specific constitutional challenges, we note that the constitutionality of § 18–3–405 has been upheld on a challenge that it was void for vagueness. *People v. Longoria, supra.* We further note that a statute is presumed to be constitutional, and the party challenging it has the burden of proving unconstitutionality beyond a reasonable doubt. *People v. Janousek,* 871 P.2d 1189 (Colo.1994).

### A.

We reject defendant's assertion that the statutory provision violates due process.

In a prosecution under § 18–3–405(2)(c) the evidence of multiple incidents of sexual abuse is not similar transaction evidence offered to prove scheme, plan, intent, or design. Rather, it is evidence that forms an integral part of the offense with which the defendant was charged, and no limiting instructions are required. *See People v. Graham,* 876 P.2d 68 (Colo.App.1994) (rejecting defendant's claim that § 18–3–405(2)(c) unconstitutionally allows for the admission of other crime evidence without proper safeguards).

Therefore, the various types of authority upon which defendant relies are inapplicable in that they govern the admission of similar transaction evidence.

Here, the jury was instructed that the elements of the crime of sexual assault on a child included that the defendant committed the offense on the victim as part of a pattern of sexual abuse. The court also provided the jury with a unanimity instruction, a definition of pattern of sexual abuse, and an instruction that if the jury decided the prosecution had proven each of the elements beyond a reasonable doubt, then defendant should be found guilty. The unanimity instruction also required proof beyond a reasonable doubt.

Thus, as to the admissibility of such evidence on the charge of sexual assault on a child as a pattern of sexual abuse, we view *People v. Graham, supra,* as dispositive and conclude that defendant's rights to due pro-

cess were not violated. *See People v. Aldrich,* 849 P.2d 821 (Colo.App.1992).

■ We also reject defendant's suggestion that, because · two separate counts were charged, bifurcated proceedings were required. This assertion is not supported by any requirement of the statute, nor has defendant cited any authority in this regard.

### B.

■ Defendant further asserts that § 18–3–405(2)(c) violates an accused's equal protection guarantees because it fails to provide appropriate guidelines to insure that an accused charged with pattern sexual abuse receives the same procedural safeguards as those charged with any other crime. We disagree.

■ The right to equal protection requires that all parties who are similarly situated receive like treatment by the law. In the absence of a fundamental right or suspect classification, neither of which is applicable here, the appropriate standard of constitutional review for an equal protection claim is whether the statutory classification has some rational basis in fact and is reasonably related to a legitimate government interest. *People v. Czemerynski,* 786 P.2d 1100 (Colo. 1990).

The legislative intent in adding the pattern of sexual abuse language to the sentence enhancement statute was to acknowledge the difficulties young children have distinguishing references to time, particularly when a young child is subjected to abuse over a prolonged period, and to proscribe a pattern of conduct which the General Assembly considers to be of greater social consequence and which, therefore, merits greater punishment. *People v. Longoria, supra.* Thus, classification of those charged with pattern sex offenses involving children has a rational basis in fact and is reasonably related to a legitimate government interest.

Hence, the statute does not violate defendant's equal protection rights.

## II.

Defendant also contends that the trial court erred in admitting irrelevant and highly prejudicial evidence of uncharged conduct of both defendant and the victim's brother, with no preceding limiting instruction, thus violating his rights to due process and fair trial. Defendant asserts that because he was charged with two counts, pattern sexual abuse and aggravated incest, the pattern evidence could have influenced a verdict on the aggravated incest charge, even though the other crime evidence had not been tested by the safeguards created for that purpose. We disagree.

Section 18–6–302, C.R.S. (1986 Repl.Vol. 8B) provides in pertinent part:

(1) A person commits aggravated incest when he or she knowingly:

(a) ... inflicts sexual penetration or sexual intrusion on or subjects to sexual contact ... his or her natural child, stepchild, or child by adoption.... For the purpose of this paragraph (a) only, "child" means a person under twenty-one years of age.

While the court ruled that evidence of defendant's alleged bad conduct was admissible to show plan, scheme, design, or modus operandi, it did not make the findings described in *Garner* and *Spoto*. However, the record indicates that at trial the evidence of other incidents was offered only in connection with the count concerning pattern sexual abuse.

Defendant directs our attention to three witnesses, the victim, her brother, and a child protection caseworker, who testified concerning other incidents.

Before opening arguments and out of the presence of the jury, defense counsel tendered to the court a limiting instruction prepared pursuant to § 16–10–301(3), *Spoto,* and *Garner* and requested that the instruction be given to the jury whenever any evidence is presented that would be considered similar transaction evidence. The court and counsel then discussed the giving of a limiting instruction.

The first witness was the victim. Upon defense counsel's request during the victim's testimony, the court instructed the jury that the testimony concerning multiple instances of sexual contact was to be considered only as to the pattern of abuse count and not the aggravated incest count. That instruction was repeated two more times during the victim's testimony. Moreover, at the jury's request and with counsel's concurrence, the court again read the counts to the jury.

The victim's brother testified next. During the brother's testimony, no limiting instruction was either requested or given. However, during the testimony of the child protection caseworker concerning statements by the victim involving prior incidents, at defense counsel's request, the court instructed the jury as follows:

The Court: Again, you are reminded that this testimony only goes to the first count, that's the alleged pattern of sexual abuse, as opposed to count two.

. . . .

The Court: It comes in for all purposes as to count one, which is a pattern of sexual abuse.

. . . .

The Court: It's not relevant as to count two.

You may continue.

Following the presentation of the People's evidence, but out of the presence of the jury, defense counsel presented arguments concerning the limiting instructions given. The court stated:

As to the limiting cautionary instruction for evidence received for a limited purpose, the Court did advise the jurors that the evidence came in only as to count one, but never as to count two. It was on—if it were to be considered as to count two, then a further cautionary or limiting instruction would have been given to the jurors. But, since it was only offered as to count one, they were instructed to consider it only as to count one. The Court believes that the jury will follow the instruction of the Court and limit that instruction—that evidence to count one. The request for further cautionary instruction is denied.

Neither the defense nor the prosecution objected to the observation that the evidence was offered only as to count one concerning pattern sexual abuse. Defendant then presented his witnesses.

We conclude that the record supports the trial court's determination that the evidence of other incidents was not offered as to the count of aggravated incest. Thus, no limiting instruction was required prior to admitting such evidence as to the count of pattern sexual abuse. *People v. Graham, supra.*

We are also satisfied that the instructions given adequately advised the jury of the limited purpose for which the evidence was admitted by distinguishing between count one (pattern sexual abuse) and count two (aggravated incest) and instructing the jury that the evidence as to other incidents should be considered only for count one.

■■■ Further, we find no error in the fact that no limiting instruction was given during the testimony of the victim's brother. Here, the court gave limiting instructions at least three different times during the testimony of the victim. Moreover, defendant neither requested an instruction during the brother's testimony nor objected contemporaneously when such an instruction was not given. Defendant, in fact elicited pattern sexual abuse testimony concerning defendant and the victim during cross-examination of the victim's brother, without requesting a limiting instruction.

In addition, the limiting instruction was given again during the caseworker's testimony and a limiting instruction was included in the general charge to the jury. Thus, a limiting instruction was given each time it was requested by defendant. Also the two counts of the information were read to the jury during the victim's testimony, thereby assisting the jury in distinguishing between count one and count two.

■■■ Further, error, if any, was not plain error in view of the victim's testimony concerning the sexual assault that occurred on April 22, 1992, which is the event underlying both counts, defendant's statement that he had been having sexual relations with his daughter for about thirteen months, and the physician's testimony that the physical exam was consistent with the history the patient had given as to being sexually abused by her father.

We thus conclude that, defendant's rights to due process and fair trial were not violated.

III.

■■■ Defendant also asserts that, because the pattern sexual abuse provision, as applied to defendant, is an *ex post facto* law, he cannot be subject to sentence enhancement. We disagree.

■■■ An *ex post facto* law is one which imposes punishment for an act which was not a crime when it was committed or which imposes additional punishment upon acts then proscribed. *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964); *People v. Grenemyer,* 827 P.2d 603 (Colo.App.1992).

■■■ The purpose underlying the proscription against *ex post facto* legislation is to ensure that legislative enactments provide "fair warning of their effect," in order that individuals may rely on the meaning and extent of the statutes until they have been formally and explicitly revised. *Weaver v. Graham,* 450 U.S. 24, 28, 101 S.Ct. 960, 964, 67 L.Ed.2d 17, 23 (1981); *Gasper v. Gunter,* 851 P.2d 912 (Colo.1993). A statute, however, is not rendered unconstitutional as an *ex post facto* law merely because the facts upon which it operates occurred before the adoption of the statute. *People v. Billips,* 652 P.2d 1060 (Colo.1982).

■■■ Two critical elements must be present for a criminal statute to be stricken down as an *ex post facto* law: 1) it must be retrospective, that is, it must apply to events occurring before its enactment, and 2) it must disadvantage the offender affected by it. *Weaver v. Graham, supra; Gasper v. Gunter, supra.* To be retrospective, the law must change the legal consequences of acts completed before its effective date. *People v. Zapotocky,* 869 P.2d 1234 (Colo.1994). As long as the law's punitive features apply only to acts committed after the statutory pro-

scription becomes effective, it does not violate the *ex post facto* clause. *Gasper v. Gunter, supra.*

Sentence enhancement statutes have long withstood *ex post facto* clause challenges. *See People v. Gutierrez,* 622 P.2d 547 (Colo. 1981); *People v. Thomas,* 189 Colo. 490, 542 P.2d 387 (1975); *see also Gryger v. Burke,* 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948) (sentence as habitual criminal is not to be viewed as either a new jeopardy or as an additional penalty for earlier crimes but as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one); *United States v. Leonard,* 868 F.2d 1393 (5th Cir.1989) (statute which based enhancement of defendant's sentence upon convictions preceding its enactment held not retrospective); *United States v. Ahumada–Avalos,* 875 F.2d 681 (9th Cir.1989) (although defendant committed first offense prior to enactment of sentence enhancement statute, statute was effective at the time he committed second offense; hence, its application was not barred by *ex post facto* clause); *United States v. Ykema,* 887 F.2d 697 (6th Cir.1989) (augmenting punishment for a later offense, based on acts committed before a law is passed, does not violate *ex post facto* clause; the heavier penalty is not an additional punishment for the earlier behavior but a statutorily authorized punishment for criminal conduct occurring after passage of the law); *United States v. Henson,* 848 F.2d 1374 (6th Cir.1988) (even if commission of crime commenced before enactment of sentence enhancement statute, if the crime is still being carried on and continued after the date such statute became effective, application of the statute does not violate *ex post facto* clause).

Here, § 18–3–405(2)(c), the pattern sexual abuse provision, became effective on June 1, 1989. Although at least one of the incidents relied upon by the prosecution to prove a pattern of sexual abuse may have occurred prior to the effective date of the statute, the offense charged in the information was alleged to have occurred on April 22, 1992. Defendant, therefore, had the requisite fair warning of the consequences of committing the offense with which he was charged. *See Gasper v. Gunter supra.*

Moreover, we find that, on this point, *People v. Graham, supra,* upon which defendant relies, is distinguishable from the case at hand. In *Graham,* the jurors were not instructed that, in order to convict the defendant of pattern sexual abuse, they had to find the predicate offense to have occurred after the effective date of the statute. Here, however, the trial court instructed the jury that the offense charged in the information had to constitute one of the incidents of sexual contact involving a child necessary to form a pattern of sexual abuse.

Under these circumstances, because the conduct which triggered the pattern sexual abuse statute occurred after the statute's effective date, the statute, as applied to defendant, is not retrospective and thus does not violate the *ex post facto* prohibition.

## IV.

■ Defendant further asserts that he cannot be subject to sentence enhancement under the pattern sexual abuse provision, § 18–3–405(2)(c), because the trial court did not have jurisdiction over certain instances of "pattern" sexual abuse that allegedly occurred in Missouri. We disagree.

As discussed above, the pattern sexual abuse provision does not create a separate offense, nor is it an element of the offense charged; rather, it is a sentence enhancer. *See Armintrout v. People, supra; People v. Longoria, supra.*

Defendant's prior conduct, even if it occurred outside the jurisdiction of the trial court, may be considered for the purpose of sentence enhancement. *See People v. Montgomery,* 737 P.2d 413 (Colo.1987) (defendant adjudicated as habitual criminal based on conduct outside jurisdiction of trial court).

Moreover, the authority that defendant cites regarding the prohibition on state courts against punishing crimes committed in other states is not persuasive. Here, the predicate offense of which defendant was convicted occurred in Colorado. Any extrajurisdictional conduct was only taken into consideration to enhance the punishment for

the offense he committed within the jurisdiction of the trial court.

Thus, we find that consideration of the Missouri incident does not preclude sentence enhancement under § 18–3–405(2)(c).

## V.

■ We also reject defendant's contention that the trial court erred in refusing to instruct the jury on his theory of the case.

■ A defendant is entitled to an instruction on his theory of the case if there is any evidence to support it. *People v. Nunez*, 841 P.2d 261 (Colo.1992). However, a court can deny a proffered theory of the case which merely reiterates a general denial of guilt or which contains argumentative matter. *People v. Young*, 710 P.2d 1140 (Colo.App.1985).

Defendant's proposed theory of the case read:

> You are instructed that [defendant] asserts that he never had sexual contact with his daughter ... and that his son ... had done so independently, not at his direction, and that he made a false statement to police on April 24, 1992, in order to protect his family and keep his family in the home.

Defendant did not testify at trial. And, as the trial court found, there is no evidence in the record to support the tendered instruction other than defendant's general denial of any sexual contact with his daughter. Further, the jury was instructed that defendant had pleaded not guilty.

Refusal of defendant's tendered instruction therefore was not an abuse of discretion.

## VI.

■ We further reject defendant's contention that the trial judge should have disqualified himself based upon an *ex parte* communication with the prosecutor.

■ In general, a trial judge must conduct himself or herself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. *People v. District Court*, 192 Colo. 503, 560 P.2d 828 (1977); *see* Code of Judicial Conduct Canon 2(A). Specifically, Code of Judicial Conduct Canon 3(A)(4) prohibits a judge from initiating *ex parte* communications concerning a pending proceeding.

■ A judge must disqualify himself or herself if a recusal motion and accompanying affidavits state facts from which it may be reasonably inferred that the judge has a bias or prejudice with respect to the case, a party, or counsel. *Brewster v. District Court*, 811 P.2d 812 (Colo.1991); § 16–6–201, C.R.S. (1986 Repl.Vol. 8A); Crim. P. 21(b).

Here, defendant's recusal motion alleged that the trial court had contacted the deputy district attorney prosecuting the case, directing her to raise the issue of possible misconduct on the part of defense counsel. According to the motion, the alleged misconduct involved a rumor that defense counsel had a relationship with an endorsed prosecution witness. The motion was supported by the affidavit of defense counsel stating that the trial judge told the prosecutor that the issue needed to be raised. The trial court denied the motion.

While we do not condone the *ex parte* communication, under the circumstances here, we conclude that the court did not err in denying the recusal motion, as neither the motion nor the supporting affidavit alleged sufficient facts from which it could reasonably be inferred that the *ex parte* communication demonstrated that the judge had a personal bias or prejudice against defense counsel. *See S.S. v. Wakefield*, 764 P.2d 70 (Colo.1988).

## VII.

■ Defendant contends that numerous instances of prosecutorial misconduct during closing and rebuttal arguments deprived him of a fair trial. We disagree.

Defendant first points to the prosecutor's statements in closing argument that some of the elements are not disputed by the defense. Defendant objected to all of these statements, stating that each element was disputed and that the prosecution was improperly attempting to shift the burden of proof upon the defendant.

Defendant also objected to the prosecutor's following argument as an attempt to appeal to the jury's sympathy:

Imagine, if you can, what it would be like to be fourteen years old sitting on a witness stand.

■■■ The prosecution cannot attempt to shift the burden of proof to the defense. *People v. Burress*, 183 Colo. 146, 515 P.2d 460 (1973). In closing argument, the prosecution may draw reasonable inferences from the evidence, but has a duty to refrain from improper remarks. *Wilson v. People*, 743 P.2d 415 (Colo.1987).

Here, in response to objections by defense counsel, the court reminded the jury on several occasions that the prosecution had the burden of proof. The jury was also instructed that the prosecution must prove each element of the offense by proof beyond a reasonable doubt. Further, upon defense counsel's objection to the remark appealing to the jury's sympathy, the court reminded the jury that it had directed the jurors to disregard sympathy. And on one occasion, on its own volition, the court cautioned the prosecutor to avoid the line of argument which asked the jurors to imagine themselves as a fourteen-year-old on the witness stand.

Under these circumstances, we conclude that defendant was not deprived of a fair trial by prosecutorial misconduct.

### VIII.

■■ Defendant asserts that § 18–21–103, C.R.S. (1994 Cum.Supp.) and § 24–4.2–104, C.R.S. (1994 Cum.Supp.), providing for assessment of surcharges on certain convictions, are *ex post facto* laws. The prosecution concedes, and we agree, that, because the offenses at issue in this case occurred before the effective date of § 18–21–103, the sex offender surcharge that that statute imposes should not be applied to defendant. *See People v. Stead*, 845 P.2d 1156 (Colo. 1993) (the surcharge amounts to an *ex post facto* law unless it is applied only to offenses committed on or after the effective date of the statute).

However, § 24–4.2–104(1)(a)(II), C.R.S. (1994 Cum.Supp.), which imposes a surcharge on charges brought pursuant to §§ 18–3–405 and 18–6–302, became effective on July 1, 1991, not June 9, 1993, as defendant asserts in his briefs. Since the statute's effective date predates the date of the offenses with which defendant was charged, the surcharges pursuant to § 24–4.2–104 were correctly imposed.

### IX.

We find defendant's assertion of cumulative error to be without merit.

The judgment of conviction is affirmed. However, the portion of the sentence imposing surcharges pursuant to § 18–21–103 is vacated. The cause is remanded with instructions to amend the mittimus to reflect vacation of these surcharges.

METZGER and CASEBOLT, JJ., concur.