**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Edwin D. HILL, Defendant–Appellant.**

**No. 93CA2130.**

Colorado Court of Appeals, Div. IV.

Oct. 26, 1995.

Rehearing Denied Feb. 22, 1996.

Certiorari Granted July 29, 1996.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S. (1995 Cum.Supp.).

Gale A. Norton, Attorney General, Raymond T. Slaughter, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Laurie A. Booras, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Edwin A. Hill, appeals the judgment entered on a jury verdict finding him sane at the time of the commission of three counts of aggravated robbery. We reverse and remand for a new sanity trial.

In October 1989, after a jury found defendant sane at the time of the commission of the offenses, defendant was convicted of five counts of aggravated robbery. Defendant appealed, and a division of this court affirmed the judgment entered in the trial on the merits, but reversed as to the judgment

entered in the sanity trial and remanded the case for a new sanity trial because the trial court had erroneously denied one of defendant's challenges for cause. *People v. Hill,* (Colo.App. No. 90CA0466, July 23, 1992) (not selected for official publication).

At defendant's second trial in October 1993, the People presented no evidence and relied upon the statutory presumption that every person is sane. Section 16–8–105(2), C.R.S. (1986 Repl.Vol. 8A). The sole evidence presented by the defense was the testimony of defendant as to his long-term drug abuse, loss of memory, compulsive behavior, delusions, lack of understanding of right and wrong, and feelings of depression and isolation. The jury returned a verdict finding defendant sane at the time of the commission of the charged offenses. This appeal followed.

◼ Defendant contends that he was deprived of his constitutional right to a jury trial because the trial court instructed the jury that defendant had not presented any evidence of insanity and had not overcome the legal presumption of sanity and that the prosecution was therefore not required to meet its burden of proof of sanity beyond a reasonable doubt. Defendant contends that the court's instruction amounted to an impermissible directed verdict. We agree.

◼ A crucial feature of a criminal defendant's Sixth Amendment right to a speedy and public trial by an impartial jury is the right to have the jury, rather than the judge, make the requisite finding of guilt. Thus, a judge may not direct a verdict for the People, no matter how overwhelming the evidence. *Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). *See also Henderson v. People,* 156 Colo. 229, 397 P.2d 872 (1965) (question of sanity in a criminal case is an issue of fact to be determined by the trier of fact).

◼ The presumption of sanity contained in § 16–8–105(2) is a rebuttable presumption displaced by any evidence of defendant's insanity. Section 16–8–105(2); *see People v. Kernanen,* 178 Colo. 234, 497 P.2d 8 (1972) (decided under C.R.S.1963, 39–8–3).

◼ Here, just prior to this sanity trial, the supreme court decided *Bieber v. People,* 856 P.2d 811 (Colo.1993) (*cert. denied,* 510 U.S. 1054, 114 S.Ct. 716, 126 L.Ed.2d 680 (1994) rejecting "settled insanity" as a basis for absolving a defendant of criminal responsibility. Settled insanity is "insanity" caused by long-term use of intoxicants as opposed to a transient mental condition which is the immediate effect of short-term drug or intoxicant usage.

At the close of the evidence, the trial court, apparently relying on *Bieber, supra,* and concluding that the defendant's testimony related to a defense of settled insanity, stated to the jury:

> Well, I will be instructing the jury as you heard earlier there is a presumption of sanity in every case. I have determined that the presumption of sanity had not been overcome by the evidence presented by the defense and therefore the prosecution will not be required to present additional evidence nor meet the burden of proof beyond a reasonable doubt.

The burden-of-proof instruction submitted to the jury provided:

> The law presumes everyone to be sane. The People have rested on the presumption of sanity. No evidence of insanity has been presented by the defense.

The trial court submitted verdict forms giving the jury the option of finding defendant not guilty by reason of insanity. However, reading the instructions as a whole, we view them as essentially instructing the jury that it had no alternative but to determine that defendant had failed to overcome the presumption of sanity. Hence, we conclude that the court's statements, coupled with the above instruction, effectively directed a verdict against defendant.

◼ We further conclude that the trial court's actions are not subject to a harmless error analysis because, by removing the determination of defendant's sanity from the province of the jury, it rendered the trial structurally defective and violated defendant's Sixth Amendment right to a jury trial. *See Arizona v. Fulminante,* 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (defin-

ing harmless error). Hence, the trial court's statement constitutes reversible error.

Defendant also contends that the trial court committed reversible error because the burden-of-proof instruction presented the presumption of sanity as a mandatory presumption rather than a permissive inference. We agree.

The presumption of sanity, if unrebutted, may support a verdict of sanity. *People v. Johnson*, 180 Colo. 177, 503 P.2d 1019 (1972). Here, however, the burden-of-proof instruction made the sanity presumption a mandatory presumption because it included the trial court's determination that no evidence of insanity had been presented by the defense. Thus, the giving of this instruction mandates reversal of the judgment.

The judgment is reversed and the cause is remanded for a new trial on the issue of sanity.

TAUBMAN and KAPELKE, JJ., concur.