The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

David GRACEY, Defendant–Appellant.

No. 95CA1038.

Colorado Court of Appeals,
Div. IV.

Nov. 7, 1996.

Rehearing Denied Dec. 5, 1996.

Certiorari Denied July 21, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Wendy J. Ritz, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Chambers, Dansky & Hansen, P.C., Nathan Chambers, Denver, for Defendant–Appellant.

Opinion by Judge DAVIDSON.

Defendant, David Gracey, appeals from the judgments of conviction entered upon jury verdicts finding him guilty of three counts of felony theft from the elderly. We reverse and remand for a new trial.

In July 1987, the victim granted power of attorney to defendant, her accountant. As pertinent here, the power of attorney gave defendant authority to:

> receive ... any and all sums of money or payments due or become due to me, to deposit in my name in any bank or banks, any and all moneys collected or received by him, to draw and issue checks upon any moneys collected or received by him, to draw and issue checks upon any bank account held or maintained by me, to act for me as he may think best, and to make, execute, acknowledge, and deliver such deeds, contracts, or other instruments in reference to the conduct of my personal and financial affairs, giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite or necessary to be done in and about the premises as fully to all intents and purposes as I might or could do if personally present....

Between July 1991 and December 1992, defendant withdrew nearly $200,000 from the victim's account for his own use. Either contemporaneously with or subsequent to the withdrawals, defendant executed promissory notes to the victim. While defendant disclosed to the victim's sons that he had "bor-

rowed" $15,000 from the victim's account, he failed to disclose the remainder of the withdrawals in a July 1993 report he prepared for the sons regarding the assets in the account. Defendant repaid $16,500 to the victim's account and paid the victim's sons $145,000 to settle the civil suit they brought against him.

Defendant's theory of defense was that he was authorized pursuant to the power of attorney to borrow money from the victim's account, that the withdrawals were loans, and that when he made the withdrawals he intended to repay the money.

## I.

Since it would require a dismissal of the charges against him, we address first defendant's contention that he was entitled to a judgment of acquittal because there was insufficient evidence from which the jury could conclude that he committed the crime charged. We disagree.

A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support the conclusion by a reasonable person that the defendant is guilty of the crime charged beyond a reasonable doubt. *Kogan v. People*, 756 P.2d 945 (Colo.1988); *People v. Stafford*, 890 P.2d 244 (Colo.App.1994).

It is the jury's role to decide questions of witness credibility and the appropriate weight to be given to such testimony. *People v. Quick*, 713 P.2d 1282 (Colo.1986). We may not disturb the jury's determination on such issues unless the evidence, when appropriately viewed, is legally insufficient to support a finding of guilty by a reasonable person beyond a reasonable doubt. *People v. Parks*, 749 P.2d 417 (Colo.1988).

 Here, to find defendant guilty of theft, the jury was required to find that he took the victim's property "without authorization." Section 18–4–401(1), C.R.S. (1986 Repl.Vol. 8B). Exercising control over property "without authorization" means "that the owner of the property, or a person in possession of the property with the owner's con-

sent, has not given the actor permission to exercise control over the property." *People v. McCormick*, 784 P.2d 808, 810 (Colo.App. 1989).

In addition, to support a conviction of felony theft, the evidence must show beyond a reasonable doubt that the defendant knowingly or intentionally used the property in such a manner as to deprive the victim permanently of its use. Section 18–4–401(1), C.R.S. (1986 Repl.Vol. 8B).

 The elements of the crime of theft need not be proven by direct, substantive evidence, but can be inferred from the defendant's conduct and the reasonable inferences which may be drawn from the circumstances of the case. *People v. American Health Care, Inc.*, 42 Colo.App. 209, 591 P.2d 1343 (1979).

 Here, the evidence showed that defendant made 32 separate withdrawals from the victim's account, did not issue promissory notes to the victim contemporaneously with each withdrawal, did not attempt to repay the victim in regular installments or to pay interest on the "loans," and concealed the "loans" from the victim's sons.

In light of these circumstances, it was for the jury to determine whether defendant withdrew the money from the victim's account without her authorization and with the intent permanently to deprive her of the use of the money. The jury determined that he did, and the evidence presented at trial together with the inferences to be drawn therefrom, when viewed in the light most favorable to the prosecution, supports the jury's determination. Accordingly, defendant's conviction will not be reversed on the basis of the sufficiency of the evidence. *See People v. Treat*, 193 Colo. 570, 568 P.2d 473 (1977); *People v. American Health Care, Inc., supra; People v. Hallman*, 41 Colo.App. 427, 591 P.2d 101 (1978); *see also People v. Johnson*, 618 P.2d 262 (Colo.1980).

## II.

 However, we do agree with defendant that reversal is required because the trial

court's response to a question from the jury was improper.

During its deliberations, the jury made the following inquiry of the court:

As power of attorney are you required to provide a promissory note to borrow money from the person's account who gave the power of attorney?

Over defendant's objection, the court responded as follows:

In answer to your question, a copy of which is attached, the court instructs you that the power of attorney, in and of itself in this case, did not expressly or impliedly grant the holder thereof, [defendant], the power or authority to borrow money of the grantor of the power of attorney....

Defendant contends that the response invaded the factfinding province of the jury and therefore deprived him of his constitutional right to a jury trial. More specifically, he maintains that the court's response essentially instructed the jury that the prosecution had satisfied its burden of proving that defendant had taken the victim's money without authorization. We agree.

▆▆▆ One implication of a criminal defendant's Sixth Amendment right to trial by an impartial jury is that the court may not direct a verdict for the People, no matter how overwhelming the evidence. *Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). A defendant's due process rights are thus violated when a trial court intrudes on the jury's deliberative process and deprives the jury of its fact-finding duty. *United States v. Gaudin,* 28 F.3d 943 (9th Cir.1994), *aff'd* 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995).

▆▆▆ Failure to instruct the jury properly with respect to an essential element of the offense charged generally constitutes reversible error. *People v. Williams,* 707 P.2d 1023 (Colo.App.1985). Similarly, a trial court commits constitutional error when it correctly instructs the jury regarding the elements of the crime but instructs the jury that, as a matter of law, the prosecution has satisfied its burden of proving one of the elements, thereby withdrawing that element from the jury's consideration. *See United States v. Gaudin, supra.*

Here, the trial court properly instructed the jury as to the elements of the crime of theft and of the prosecution's burden of proof. *See* § 18–4–401(1); *COLJI–Crim.* No. 16:01 (1993 Supp.).

In our view, however, the court's response to the jurors' question left the jury with no alternative but to determine that defendant did not have authority to borrow money from the victim's account. Thus, the court essentially withdrew from the jury's consideration the question whether defendant took the victim's money without her authorization.

Because the question whether the power of attorney gave defendant authority to borrow money from the victim's account was the primary contested issue at trial, under the circumstances here, the court's response to the jury's question effectively amounted to an impermissible directed verdict. *See United States v. Rogers,* 9 F.3d 1025 (2d Cir. 1993), *cert. denied,* 513 U.S. 827, 115 S.Ct. 95, 130 L.Ed.2d 45 (1994) (in prosecution for transporting fraudulent securities in interstate commerce, trial court committed reversible error by instructing the jury that the leases in question were securities); *United States v. Gaudin, supra* (instructing jury that statements charged in indictments were material as a matter of law was error in prosecution under statute prohibiting false statements in any matter within the jurisdiction of any federal department or agency); *United States v. Chu,* 988 F.2d 981 (9th Cir.1993) (jury instruction stating that possession of substantial quantity of controlled substance alone could be sufficient to support a finding of knowing possession constituted an impermissible invasion of the jury's deliberative process in prosecution for possession of heroin with intent to distribute); *United States v. Mentz,* 840 F.2d 315 (6th Cir.1988) (in prosecution under federal bank robbery statute, trial court committed reversible error by instructing the jury that the government had satisfied its burden of proving that the banks were FDIC-insured at the time the robberies occurred); *United States v. Goetz,* 746 F.2d 705 (11th Cir.1984) (trial court committed reversible error in di-

recting jury that documents filed by defendant were not "returns" within the meaning of the statute relating to willful failure to file federal income tax returns); *see also People v. Hill,* 920 P.2d 828 (Colo.App.1995); *People v. Lesh,* 720 P.2d 999 (Colo.App.1986) (trial court committed reversible error in giving instruction which implied that to acquit defendant on charge of driving after judgment prohibited would be contrary to public policy because the instruction amounted to a directed verdict of guilty).

 We further conclude that the trial court's actions cannot be considered as harmless error. Removing the determination of defendant's authority to borrow the victim's money from the province of the jury violated defendant's Sixth Amendment right to a jury trial. *See Arizona v. Fulminante,* 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (defining harmless error); *People v. Hill, supra.*

In light of our conclusion that the court's response to the question impermissibly invaded the fact-finding province of the jury, we need not address defendant's argument that the response was not responsive to the jury's question and was a misstatement of the law.

### III.

 Finally, because it may arise on retrial, we also address defendant's argument that the trial court erred in failing to instruct the jury on his "theory of the case." We do not agree.

 Generally, a defendant is entitled to an instruction on his or her theory of the case if "there is any evidence to support it, no matter how unreasonable, improbable, or unbelievable the theory is." *People v. Rivera,* 710 P.2d 1127, 1129 (Colo.App.1985); *see also People v. Huckleberry,* 768 P.2d 1235 (Colo.1989), *cert. denied,* 503 U.S. 990, 112 S.Ct. 1684, 118 L.Ed.2d 400 (1992).

 However, a defendant is not entitled to an instruction on a theory of the case that is simply a general denial of the charges. *People v. Loomis,* 857 P.2d 478 (Colo.App. 1992). A trial court also may refuse to give a tendered theory of the case instruction which contains argumentative matter or which is merely a restatement of the defendant's evidence. *Marn v. People,* 175 Colo. 242, 486 P.2d 424 (1971); *People v. Bowring,* 902 P.2d 911 (Colo.App.1995).

 Moreover, while the defendant's theory of defense must be embodied in the instructions given by the court, the trial court is not required to instruct the jury on the defendant's theory in the particular language tendered by the defendant. *People v. Mershon,* 844 P.2d 1240 (Colo.App.1992), *rev'd in part on other grounds,* 874 P.2d 1025 (Colo.1994). Thus, it is not reversible error to refuse a tendered instruction if the contents of the instruction are already encompassed in other instructions given to the jury. *See People v. Tippett,* 733 P.2d 1183 (Colo. 1987); *People v. Rivera, supra.* Finally, if an instruction presented to the jury is legally correct, there is no error in declining to give an alternate instruction tendered by the defendant. *See People v. Focht,* 180 Colo. 259, 504 P.2d 1096 (1972).

Here, based on our review of the record, we conclude that the trial court properly refused to give the "theory of the case" instruction tendered by defendant. Specifically, the court correctly rejected the bulk of the instruction on the ground that it contained general denials and argumentative matter. *See People v. Bowring, supra; People v. Loomis, supra.* The contents of the remainder of the instruction, including the statements that defendant's theory of defense was that the "evidence shows this was a loan and not a theft" and that "a loan creates a civil debt and is not criminal theft," were encompassed in other instructions given to the jury. And, the instructions as a whole adequately and correctly informed the jury as to the essential elements of the charged offense, the meaning of the terms used in the instructions, and the prosecution's burden of proof.

The judgments are reversed and the cause is remanded for a new trial.

NEY and CASEBOLT, JJ., concur.